IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK REBAR INSTALLATION, INC. and UNITED STATES REBAR, INC.,

        Plaintiffs,

- against -

ROBERT LEDWITH, TERRENCE MOORE, FRED LEMOINE, KEVIN KELLY, ALFRED G. GEROSA, ULVERSOR, as TRUSTEES of the LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS PENSION FUND,

        Defendants.

NO. 07-CIV-7607(CM)

---

ROBERT LEDWITH, TERRENCE MOORE, FRED LEMOINE, KEVIN KELLY, ALFRED G. GEROSA, ULVERSOR, as TRUSTEES of the LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS PENSION FUND,

        Counterclaim Plaintiffs,

- against -

NEW YORK REBAR INSTALLATION, INC. and UNITED STATES REBAR, INC., and CHARLES DOHERTY,

        Counterclaim Defendants.

---

**REPLY TO COUNTERCLAIM**

New York Rebar Installation, Inc. ("NY Installation"), United States Rebar, Inc. ("US Rebar"), and Charles Doherty ("Doherty") (collectively "Counterclaim Defendants") set forth their Reply to the enumerated paragraphs of Defendants' Counterclaim by responding to each averment as follows:

45. Counterclaim Defendants admit that Defendants filed a counterclaim, but deny that Defendants are entitled to any relief.

46. Counterclaim Defendants admit the averments in Paragraph 46 of the Counterclaim.

47. Counterclaim Defendants admit the averments in Paragraph 47 of the Counterclaim.

48. Counterclaim Defendants admit the averments in Paragraph 48 of the Counterclaim.

49. Counterclaim Defendants admit the averments in Paragraph 49 of the Counterclaim.

50. Counterclaim Defendants admit the averments in Paragraph 50 of the Counterclaim.

51. The averments in Paragraph 51 are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar's corporate address is 332 North Main Street, Freeport, New York 11520. Counterclaim Defendants deny the remaining averments in Paragraph 51.

52. Counterclaim Defendants admit the averments in Paragraph 52 of the Counterclaim.

53. The averments in Paragraph 53 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that at all relevant times Doherty was a natural person, President, and 50% owner of the stock of US Rebar; that until his death on or about July 16, 2004, James Wilson was a natural person, Vice President, and 50% owner of the stock of US Rebar; that since Wilson's death, his estate has owned 50% of the stock of US Rebar; and that Charles Doherty is the President and 100% owner of the stock of NY Installation and certain other businesses. Counterclaim Defendants deny the remaining averments in Paragraph 53 of the Counterclaim.

54. Counterclaim Defendants admit the averments in Paragraph 54 of the Counterclaim.

55. The averments in Paragraph 55 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that on February 22, 1994, Doherty and Wilson formed US Rebar, with each of them owning 50% of the stock of US Rebar. Counterclaim Defendants deny the remaining averments in Paragraph 55.

56. The averments in Paragraph 55 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar was engaged in the business of cutting, bending (at the site), and installing reinforcing bars in concrete, first from approximately 1994 to 1997 as a subcontractor handling discrete concrete building foundations on public projects, and then from 1997 to January 2005 as a subcontractor handling the concrete aspects of large public building and highway construction projects. Counterclaim Defendants deny the remaining averments in Paragraph 56.

57. The averments in Paragraph 57 are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar signed various collective bargaining agreements

3

with Local 46 of the Metallic Lathers Union ("Union"), the last of which was terminated effective June 30, 2005. Counterclaim Defendants deny the remaining averments in Paragraph 57.

58. The averments in Paragraph 58 are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar's collective bargaining agreements with the Union required it to make certain contributions to the Local #46 Metallic Lathers Union and Reinforcing Iron Workers Pension Fund ("Fund") while it was operating, and that said collective bargaining agreements speak for themselves. Counterclaim Defendants deny the remaining averments in Paragraph 58.

59. The averments in Paragraph 59 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that James Wilson died on or about July 16, 2004, and that after Mr. Wilson's death, Doherty continued to act in his capacity as President of US Rebar as it wound down its business activities and permanently ceased operating on or about January 18, 2005. Counterclaim Defendants deny the remaining averments in Paragraph 59.

60. The averments in Paragraph 60 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that on or about September 12, 2005, Doherty pled guilty to certain criminal charges pursuant to an agreement with the United States Attorney's Office and that Doherty is awaiting sentencing. Counterclaim Defendants deny the remaining averments in Paragraph 60.

61. Counterclaim Defendants deny the averments in Paragraph 61 of the Counterclaim because they are an attempt to characterize one or more written documents and/or transcripts that speak for themselves. To the extent a response is required, Counterclaim

4

Defendants admit that Doherty acknowledged having engaged in certain criminal conduct, but deny Defendants' characterization of said conduct.

62. Counterclaim Defendants deny the averments in Paragraph 62 of the Counterclaim because they are an attempt to characterize one or more written documents and/or transcripts that speak for themselves. To the extent a response is required, Counterclaim Defendants admit that Doherty acknowledged having engaged in certain criminal conduct, but deny Defendants' characterization of said conduct.

63. Counterclaim Defendants deny the averments in Paragraph 63 of the Counterclaim because they are an attempt to characterize one or more written documents and/or transcripts that speak for themselves. To the extent a response is required, Counterclaim Defendants admit that Doherty acknowledged having engaged in certain criminal conduct, but deny Defendants' characterization of said conduct.

64. Counterclaim Defendants deny the averments in Paragraph 64 of the Counterclaim because they are an attempt to characterize one or more written documents and/or transcripts that speak for themselves. To the extent a response is required, Counterclaim Defendants admit that Doherty acknowledged having engaged in certain criminal conduct, but deny Defendants' characterization of said conduct.

65. The averments in Paragraph 65 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that Doherty formed NY Installation on June 9, 2005, to operate a new business, separate and distinct from the business that US Rebar had operated (prior to its cessation of operations or about January 18, 2005), which new business (a) performs rebar installation work for a completely new and different set of customers, (b) uses a completely different business model that involved working for contractors handling private

5

projects rather than large public projects, (c) uses equipment and vehicles obtained from sources other than US Rebar, and (d) with few exceptions, employs individuals who had not previously worked for US Rebar. Counterclaim Defendants deny the remaining averments in Paragraph 65.

66. Counterclaim Defendants admit the averments in Paragraph 66 of the Counterclaim.

67. The averments in Paragraph 67 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that Doherty is and has functioned as the President and the owner of 100% of the stock of NY Installation. Counterclaim Defendants deny the remaining averments in Paragraph 67.

68. The averments in Paragraph 68 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that NY Installation operates a new business, separate and distinct from the business that US Rebar had operated (prior to its cessation of operations in early January 2005), which new business (a) performs rebar installation work for a completely new and different set of customers, (b) uses a completely different business model that involved working for contractors handling private projects rather than large public projects, (c) uses equipment and vehicles obtained from sources other than US Rebar, and (c) with few exceptions, employs individuals who had not previously worked for US Rebar. Counterclaim Defendants also admit that US Rebar worked and that NY Installation works in and around New York City. Counterclaim Defendants deny the remaining averments in Paragraph 68.

69. Counterclaim Defendants deny the averments in Paragraph 69 of the Counterclaim.

70. Counterclaim Defendants admit the averments in Paragraph 70 of the Counterclaim.

6

71. Counterclaim Defendants deny the averments in Paragraph 71 of the Counterclaim.

72. Counterclaim Defendants deny the averments in Paragraph 72 of the Counterclaim.

73. Counterclaim Defendants deny the averments in Paragraph 73 of the Counterclaim.

74. Counterclaim Defendants deny the averments in Paragraph 74 of the Counterclaim.

75. The averments in Paragraph 75 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar permanently ceased operating on or about January 18, 2005. Counterclaim Defendants deny the remaining averments in Paragraph 75 of the Counterclaim.

76. The averments in Paragraph 76 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar permanently ceased contributing and permanently ceased having an obligation to contribute to the Fund or about January 18, 2005, when it permanently ceased operating. Counterclaim Defendants deny the remaining averments in Paragraph 76 of the Counterclaim.

77. Counterclaim Defendants deny the averments in Paragraph 77 of the Counterclaim.

78. Counterclaim Defendants deny the averments in Paragraph 78 of the Counterclaim.

79. Counterclaim Defendants deny the averments in Paragraph 79 of the Counterclaim.

80. The averments in Paragraph 80 are admitted in part and denied in part. Counterclaim Defendants admit that, by letter dated January 11, 2007, the Trustees asserted a claim against US Rebar for withdrawal liability that speaks for itself. Counterclaim Defendants deny the remaining averments in Paragraph 80.

81. The averments in Paragraph 81 are admitted in part and denied in part. Counterclaim Defendants admit that none of the subject withdrawal liability has been paid to the Fund, and that on October 26, 2007, a protective arbitration proceeding was initiated for any matters not resolved by this case. Counterclaim Defendants deny the remaining averments in Paragraph 81 of the Counterclaim.

82. Counterclaim Defendants respond to the averments in Paragraph 82 of the Counterclaim by incorporating the foregoing Paragraphs 45 through 81.

83. The averments in Paragraph 83 of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, Counterclaim Defendants aver that the Multiemployer Pension Plan Amendments Act speaks for itself.

84. The averments in Paragraph 84 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar had an obligation to contribute to the Fund from 1994 to or about January 18, 2005, when it permanently ceased operating. The remaining averments are conclusions of law to which no response is required. To the extent a response is required, Counterclaim Defendants aver that the Multiemployer Pension Plan Amendments Act speaks for itself.

85. The averments in Paragraph 85 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar permanently ceased operating in

8

or about January 18, 2005 and that NY Installation began operating in June 2005. Counterclaim Defendants deny the remaining averments in Paragraph 85.

86. Counterclaim Defendants deny the averments in Paragraph 86 of the Counterclaim.

87. Counterclaim Defendants respond to the averments in Paragraph 87 of the Counterclaim by incorporating the foregoing Paragraphs 45 through 86.

88. The averments in Paragraph 88 of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, Counterclaim Defendants aver that the Multiemployer Pension Plan Amendments Act speaks for itself.

89. The averments in Paragraph 89 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that US Rebar had an obligation to contribute to the Fund from 1994 to or about January 18, 2005, when it permanently ceased operating. The remaining averments are conclusions of law to which no response is required. To the extent a response is required, Counterclaim Defendants aver that the Multiemployer Pension Plan Amendments Act speaks for itself.

90. The averments in Paragraph 90 of the Counterclaim are admitted in part and denied in part. Counterclaim Defendants admit that Doherty is an officer of US Rebar and NY Installation. Counterclaim Defendants deny the remaining averments in Paragraph 90 of the Counterclaim.

91. Counterclaim Defendants deny the averments in Paragraph 91 of the Counterclaim.

92. Counterclaim Defendants deny the averments in Paragraph 92 of the Counterclaim.

9

93.  Counterclaim Defendants deny the averments in Paragraph 93 of the Counterclaim.

**Additional Defenses**

94.  Defendants' failed to state a claim upon which relief can be granted.

95.  Defendants' claims against US Rebar and Doherty are barred by the March 10, 2006 Settlement Agreement and Release the Court approved in the litigation captioned *Local 46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust, et al. v. United States Rebar, Inc.*, previously pending in the Federal District Court for the Eastern District of New York at No. CV-05-2356 ("Release"), a true and correct copy of which is attached hereto as Exhibit A.

96.  To the extent the Release bars Defendants' claims against US Rebar, then Defendants have no claim against NY Installation, because their claims against NY Installation are derivative of their claims against US Rebar.

97.  Doherty's status as an officer and/or stockholder of US Rebar and NY Installation is legally insufficient to render him personally responsible for US Rebar's withdrawal liability.

98.  Defendants did not have any evidence that supported their assessment of withdrawal liability when they issued their final decision on or about August 1, 2007, and Defendants waived any right they had to secure additional evidence under Section 4219 of ERISA, 29 U.S.C. §1399(a).

99.  Defendants' claims are being asserted in bad faith.

100. As set forth the in the Complaint, which is incorporated herein by reference, US Rebar did not withdraw from the Fund and, therefore, none of US Rebar, NY Installation, or Doherty owes any withdrawal liability to the Fund.

10

WHEREFORE, US Rebar, NY Installation, and Doherty demand that the Counterclaims be dismissed and that they be awarded costs and reasonable attorneys' fees, along with such other relief as they may request and the Court may deem just and proper.

DATED:    November 1, 2007

BUCHANAN INGERSOLL & ROONEY PC

/s/
───────────────────────────
Ryan P. Farley (RF-6984)
One Chase Manhattan Plaza
New York, NY 10005-1417
Phone: 212-440-4400
Fax: 212-440-4401
E-mail: ryan.farley@bipc.com

OF COUNSEL:
Robert S. Hawkins
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
Phone: 215-665-5310
Fax: 215-665-8760
E-mail: robert.hawkins@bipc.com

David J. Laurent
BUCHANAN INGERSOLL & ROONEY PC
20th Floor, One Oxford Centre
Pittsburgh, PA 15219-1410
Phone (412) 562-1857
Fax (412) 562-1041
E-Mail: david.laurent@bipc.com

11