UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
NEW YORK REBAR INSTALLATION, INC. and :
UNITED STATES REBAR, INC., :
: Docket No. 07-CIV-7607 (CM)
        Plaintiffs, :
:
    - against - : **CONFIDENTIALITY**
: **STIPULATION AND ORDER**
ROBERT LEDWITH, TERRENCE MOORE, FRED :
LEMOINE, KEVIN KELLY, ALFRED G. GEROSA, :
KEVIN O'BRIEN, JOHN BRUNETTI, and DENNIS :
ULVERSOY, as TRUSTEES of the LOCAL #46 :
METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
:
        Defendants. :
-------------------------------------------------------------- :
:
ROBERT LEDWITH, TERRENCE MOORE, FRED :
LEMOINE, KEVIN KELLY, ALFRED G. GEROSA, :
KEVIN O'BRIEN, JOHN BRUNETTI, and DENNIS :
ULVERSOY, as TRUSTEES of the LOCAL #46 :
METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
:
        Counterclaim-Plaintiffs, :
:
    - against - :
:
NEW YORK REBAR INSTALLATION, INC., :
UNITED STATES REBAR, INC., and CHARLES :
DOHERTY, :
:
        Counterclaim-Defendants. :
-------------------------------------------------------------- x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/08

    Subject to the approval of the Court, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties herein, that:

1.      "Confidential" material shall be defined as any information, document or thing produced in connection with this litigation, including, without limitation, any information, document or thing produced by parties and third parties pursuant to subpoena or agreement in connection with this litigation, that is reasonably believed by the producing party to be competitively sensitive, proprietary, and/or a trade secret, or which contains personal identifying or other sensitive and non-public information.

2.      As used herein, Confidential material may include (a) all papers, tapes, documents (including responses to interrogatories, requests for admission or document requests), disks, diskettes, e-mails, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents or things.

3.      Documents shall be designated Confidential by (i) marking or stamping each page of any such document "Confidential"; or (ii) designating a document depository or other location in which documents are maintained as containing only Confidential information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged; provided, however, that because Plaintiffs/Counterclaim Defendants have already produced documents in this case, they may designate any of those documents as "Confidential" by notifying counsel for Defendants/Counterclaim Plaintiffs in writing of the documents to which the "Confidential" designation applies.

4.      Pages of deposition testimony containing Confidential information may also be designated as such by identifying such pages as Confidential. The parties shall have thirty (30) days from the date the final transcript of each deposition is first made available to the parties to

designate pages of testimony as Confidential by service of written notice thereof to all parties to this lawsuit. Such designations may also be made during the deposition by counsel by subject matter. The parties shall treat each deposition transcript as Confidential during such thirty-day period.

5. Confidential material shall be used subject to the terms of this Agreement and solely in connection with the preparation, litigation, and/or trial of the above-captioned case, *Robert Ledwith et al. v. Charles Doherty, et al.*, 07-CIV-4237 (CBA) (EDNY), and *United States v. Charles Doherty*, 05-CR-494 (JS) (EDNY), or any related appellate proceeding (hereinafter collectively "the Actions"), and not for any other purpose, including any business, competitive or governmental purpose or function.

6. Confidential material shall not be discussed with, shown, described or disclosed (hereinafter, collectively "Disclosed") to any person other than (a) persons to whom the producing party previously has disclosed such discovery material,(b) the parties, and (c) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary in connection with the preparation, litigation, and/or trial of the Actions, or any related appellate proceeding:

> i. The Court, persons employed by the Court, jurors or potential jurors in any of the Actions or any appeal therefrom, and stenographers or videographers transcribing or recording the testimony or argument at hearing, trial or deposition in any of the Actions or any appeal therefrom;
>
> ii. Counsel to the parties in the Actions, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals,

3

secretarial and clerical employees, and outside vendors providing services to such counsel (including copy services, litigation consulting services, document management services and graphic services);

iii. Independent experts or consultants retained, employed or informally consulted by counsel in connection with the prosecution, defense and/or appeal of the Actions, including their secretarial and clerical employees;

iv. Trial or deposition witnesses who are not parties to the Action, for a bona fide litigation purpose, but only to the extent that disclosure occurs solely in preparation for and during such testimony, provided that such persons sign Exhibit A to this Confidentiality Stipulation, and do not retain custody of the Confidential material;

v. Persons who were the authors or recipients of the documents in the ordinary course of business; provided, however, that each party agrees that if it receives from any other source material that has been designated Confidential by a party in this action, the receiving party will treat such material as Confidential subject to the provisions herein for challenging such designation; and

vi. Any other persons to whom the parties agree in writing.

7. Before Confidential material may be Disclosed to any person not identified in Paragraph 6 of this Confidentiality Order, the consent of the producing party must be obtained. The party seeking to Disclose such material must provide written notification to counsel for the producing party of the identity and affiliation of the person who will be shown such material,

4

after which the producing party shall have five business days to object to the disclosure in writing. In the case of an objection, the party seeking to Disclose the Confidential material may apply for an order from the Court compelling disclosure.

8.  If the producing party consents to the disclosure or fails to object within five (5) business days after receipt of written notice of the intended disclosure, counsel for the party intending to Disclose the Confidential material shall furnish a copy of this Confidentiality Order to the person being given access. The person being given access shall execute an Agreement in the form annexed hereto as Exhibit A.

9.  Each expert and consultant to whom any Confidential material is Disclosed, as described in paragraphs 6(b)(iii), shall, prior to the time such material is Disclosed to him or her, be provided with a copy of this Order and shall certify that he or he or she had carefully read the Order, fully understands its terms, agrees to be bound by those terms, and consents to be subject to the personal jurisdiction of this Court with respect to any proceeding relating to any enforcement of this Order, including any proceeding relating to contempt of court. Such person shall also certify that he or she has had an opportunity to discuss this Order and its relevant requirements with the attorney who has provided such Confidential materials to such expert or consultant. This acknowledgement and consent shall be evidenced by signing a copy of the Confidentiality Agreement, annexed as Exhibit A to this Order. Executed Confidentiality Agreements shall be filled with the attorneys of record for each party, who shall retain all such agreements until further order of the Court.

10. Provisions of this Order insofar as they restrict the communication and use of Confidential material shall continue to be binding on all persons subject to the terms of this Order until further order of this Court.

11. The restrictions on the use of Confidential material established pursuant to this Order do not apply to the party, person, or entity producing such material.

12. The foregoing is without prejudice to the right of any party to this Order:

   a. to apply to the Court for a further protective order relating to any Confidential material or relating to any production of documents it considers not subject to discovery;

   b. to challenge the Confidential designation of any document or other information; and

   c. to seek an order from the Court compelling production of documents or modification of this Order or for any order permitting disclosure of Confidential material beyond the terms of this Order. A party shall not be obliged to challenge the propriety of a Confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event any party to these actions objects, at any stage of the proceedings, to the designation of a document or testimony as Confidential, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other parties, apply to the Court for appropriate relief. The supplying party seeking to maintain the Confidential treatment of the information shall have the burden of establishing that the document or testimony is entitled to such treatment. If an application to the Court is made, the document or testimony shall continue to be treated as Confidential until the Court enters an order determining otherwise.

13. Before a party may file (the "Filing Party") with the Court any motion or other filing that includes documents or information that have been designated by the other party (the "Designating Party") as Confidential information, the Designating Party must obtain an appropriate sealing order that protects the confidentiality of the Confidential information. If the Court has not ruled on the Designating Party's request for a sealing order before the Filing Party's motion or other filing is due to be filed, the motion or other filing (for example, oppositions, replies, exhibits thereto) shall be filed without the Confidential information until such time as the sealing order has been entered or denied. If the sealing order is entered, the Filing Party shall file the Confidential Information as specified in the sealing order. If the Court does not grant the Designating Party's request for a sealing order, the Filing Party's motion or other filing may then be filed with the Confidential information.

14. The inadvertent or unintentional disclosure by the supplying party of Confidential information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of Confidentiality, either as to the specific information Disclosed or as to any other information relating thereto on the same or related subject matter.

15. Within sixty (60) days after the settlement or final adjudication, including appeals, of the Actions, all Confidential material supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party (if the supplying party so requests within fifteen (15) days of the conclusion of the Actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that each party's outside counsel may retain a complete file of all litigation documents filed with the Court in these actions.

Dated: January 22, 2008
New York, New York

| BUCHANAN INGERSOLL & ROONEY, PC | MARKOWITZ & RICHMAN |
|---|---|
| By: *[signature]* <br> Ryan P. Farley (RF-6984) <br> One Chase Manhattan Plaza <br> New York, NY 10005-1417 <br> Phone: 212-440-4400 <br> Fax: 212-440-4401 <br> E-mail: ryan.farley@bipc.com | By: *[signature]* by mpa <br> Richard H. Markowiz, Esq. <br> 121 S. Broad Street <br> Suite 1100 <br> Philadelphia, PA 19107 <br> Phone: (215) 875-3100 |

*Attorneys for Plaintiffs/Counterclaim-Defendants*

**KAMING & KAMING**
156 East 65th Street
New York, NY 10021-6608
Phone: (212) 535-0245

**LAW OFFICES OF ANDREW J. WEINSTEIN**
521 Fifth Avenue
Suite 3300
New York, NY 10175
Phone: (212) 582-8900

*Attorneys for Defendants/Counterclaim-Plaintiffs*

SO ORDERED: *[signature]*

1-23-2008

8

# Exhibit A

## To Confidentiality Stipulation and Order

I have carefully read the Confidentiality Stipulation and Order, fully understand its terms, agree to be bound by those terms, and consent to be subject to the personal jurisdiction of this Court with respect to any proceeding relating to any enforcement of this Order, including any proceeding relating to contempt of court. I acknowledge that I have had an opportunity to discuss this Order and its relevant requirements with the attorney furnishing the material.

_____

Sworn to before me this
___ day of _____, 200_.


_____
    Notary Public