*McMahon, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

NEW YORK REBAR INSTALLATION, INC. and
UNITED STATES REBAR, INC.,

        Plaintiffs,

Docket No. 07-CIV-7607 (CM)

- against -

ROBERT LEDWITH, TERRENCE MOORE, FRED
LEMOINE, KEVIN KELLY, ALFRED G. GEROSA,
KEVIN O'BRIEN, JOHN BRUNETTI, and DENNIS
ULVERSOY, as TRUSTEES of the LOCAL #46
METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS PENSION
FUND,

        Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/08
```

ROBERT LEDWITH, TERRENCE MOORE, FRED
LEMOINE, KEVIN KELLY, ALFRED G. GEROSA,
KEVIN O'BRIEN, JOHN BRUNETTI, and DENNIS
ULVERSOY, as TRUSTEES of the LOCAL #46
METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS PENSION
FUND,

        Counterclaim-Plaintiffs,

- against -

NEW YORK REBAR INSTALLATION, INC.,
UNITED STATES REBAR, INC., and CHARLES
DOHERTY,

        Counterclaim-Defendants.
------------------------------------------------------------- x

**SECOND AMENDED CIVIL CASE MANAGEMENT PLAN**
(For all cases except patent, IDEA and ERISA benefit cases,
and causes subject to the Private Securities Litigation Reform Act)

1.     This case is **not** to be tried by a jury.

{1261-001/00025003.DOCv}

2. Discovery pursuant to Fed.R.Civ.P.26(a) has been exchanged.

3. No additional parties may be joined except on consent or by order of the Court.

4. No pleading may be amended except on consent or by order of the Court.

5. If your case is brought pursuant to 42 U.S.C. §1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

   Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before **October 13, 2008**. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed.R.Civ.P.(26)(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s)/Counterclaim Defendants' expert report(s) by **July 15, 2008**; Defendant(s)/Counterclaim Plaintiffs' expert report(s) by **August 15, 2008**; and any rebuttal expert reports by **September 15, 2008.**

7. Judge McMahon's Rules governing electronic apply automatically to this case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon. United States Magistrate Ellis for the resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date; and Judge McMahon must approve any extension of the discovery deadline in non-*pro se* cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed by Judge McMahon's individual rules, together with all other pre-trial submissions is required by those rules (not including *in limine* motions), shall be submitted on or before **January 15, 2009**. Following submission of the joint pretrial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving

notice of the final pre-trial conference; responses to *in limine* motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on showing of good cause that is not foreseeable at the time this order is entered. *Counsel shall not assume that extensions will be granted as a matter of routine.*

Dated: May __, 2008
    New York, New York

Upon consent of the parties:

_____
Ryan P. Farley, Esq.
For Plaintiffs/Counterclaim Defendants

_____
Andrew J. Weinstein, Esq.
For Defendants/Counterclaim Plaintiffs

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge

5-6-08