IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ :
NEW YORK REBAR INSTALLATION, INC. and :
UNITED STATES REBAR, INC., :
                                                          :
                Plaintiffs, :
                                                          :
        - against- :          NO. 07-CIV-7607(CM)
                                                          :
ROBERT   LEDWITH,   TERRENCE   MOORE, :
FRED LEMOINE, KEVIN KELLY, ALFRED G. :
GEROSA, KEVIN O'BRIEN, JOHN BRUNETTI, :
and DENNIS ULVERSOY, as TRUSTEES of the :
LOCAL #46 METALLIC LATHERS UNION AND :
REINFORCING   IRON   WORKERS   PENSION :
FUND, :
                                                          :
                                                          :
                Defendants. :
                                                          :
------------------------------------------------------------ :
                                                          :
ROBERT   LEDWITH,   TERRENCE   MOORE, :
FRED LEMOINE, KEVIN KELLY, ALFRED G. :
GEROSA, KEVIN O'BRIEN, JOHN BRUNETTI, :
and DENNIS ULVERSOY, as TRUSTEES of the :
LOCAL #46 METALLIC LATHERS UNION AND :
REINFORCING   IRON   WORKERS   PENSION :
FUND, :
                                                          :
                                                          :
                Counterclaim Plaintiffs, :
                                                          :
        - against - :
                                                          :
NEW YORK REBAR INSTALLATION, INC. and :
UNITED STATES REBAR, INC., and CHARLES :
DOHERTY, :
                                                          :
                Counterclaim Defendants.
------------------------------------------------------------

**COUNTERCLAIM DEFENDANT CHARLES DOHERTY'S RULE 56.1
STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Counterclaim Defendant Charles Doherty ("Doherty"), by and through counsel, and pursuant to Rule 56.1 of the Local Rules, hereby submits the following statement of material facts.

## Procedural Background and Related Proceedings

1.     Plaintiffs United States Rebar, Inc. ("US Rebar") and New York Rebar Installation, Inc. ("NY Install") initiated this action to obtain a declaration that they did not withdraw from or owe withdrawal liability to the Local #46 Metallic Lathers Union and Reinforcing Iron Workers Pension Fund ("Fund") under Section 4203(b)(2) of the Multiemployer Pension Plan Amendments Act, 29 U.S.C. §1381(b)(2).  Complaint.

2.     The Trustees filed an Answer and a two-count Counterclaim.  Count I alleges that US Rebar and NY Install are alter egos and Count II alleges that Charles Doherty is an "employer" that can be held personally responsible for the subject withdrawal liability based on his "total operational control over US Rebar and its alter-ego NY Installation in a fraudulent, criminal, and otherwise illegal manner, all as part of his continuing efforts to defraud the Plan." Declaration of David J. Laurent, Appendix Exhibit 1 (Counterclaim, ¶92). [1]

4.     US Rebar, NY Install, and Doherty filed a Reply to the Counterclaim which, among other things, alleged that the Trustees' claim against Doherty was barred as a matter of law and by a March 10, 2006 Settlement Agreement and Release the Court approved in litigation previously pending in the United States District Court for the Eastern District of New York, and captioned *Local 46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust, et al v. United States Rebar, Inc.,* No. CV-05-2356 ("Delinquent Contribution Lawsuit").

5.     The Settlement Agreement states in pertinent part as follows:

---

[1] Hereinafter, documents attached to the Declaration of David J. Laurent will be identified as "Appendix, Exhibit __."

1B.    Upon satisfaction of the terms, as provided herein, of this stipulation and the completing of all payments, <u>the Funds shall provide United States Rebar, Inc. and Charles Doherty a general release</u> in the form attached hereto.  Likewise, United States Rebar, Inc. and Charles S. Doherty shall provide to the Funds a general release in the form attached hereto.

1C.    So long as the payments as provided by the terms hereunder, are current, the Funds will take no action against Unites States Rebar, Inc. and Charles S. Doherty for any matters previous to June 30, 2005 and United States Rebar, Inc. <u>will take no action against the Funds for any matters previous to June 30, 2005</u>.  (Emphasis added.)

Appendix, Exhibit 2.

6.    The Release states in pertinent part that upon the payment of certain funds, all of which have been paid, the Fund (the Releasors):

> releases and discharges CHARLES DOHERTY and UNITED STATES REBAR, INC., the RELEASES, RELEASEES' heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEES, the RELEASORS, RELEASORS' heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.  For all those matters up to and including June 30, 2005.

Appendix, Exhibit 3.

7.    Shortly after filing the Counterclaim in this case, the Trustees filed a separate lawsuit against US Rebar and Doherty in the Eastern District of New York, captioned *Robert Ledwith, et al. v. Charles Doherty, et al.,* No. 07-CV-4237 (CBA) ("RICO Lawsuit").

8.    The Trustees' Amended Complaint in the RICO Lawsuit asserted claims under the Racketeer Influenced and Corrupt Organizations Act, the Employee Retirement Income Security Act, the Labor Management Relations Act, and common law fraud.  The Trustees alleged that in September 2005, Doherty had pled guilty to a money laundering scheme by which he cashed certain fraudulent checks and then paid his employees for weekend overtime work in cash during the period of approximately 1998 through mid-2003, but fraudulently did not

contribute to the Fund for the weekend work the employees had performed.  Appendix, Exhibit 5 (Trustees' Amended Complaint in the RICO Lawsuit).

9.      US Rebar and Doherty filed a motion to dismiss the RICO Lawsuit, citing the Settlement Agreement and the Release.  Appendix, Exhibit 6 (US Rebar's and Doherty's Notice of Motion to Dismiss).  The Trustees opposed the motion, arguing that the Settlement Agreement and the Release had been procured by fraud.  Exhibit 7 (Trustees' Opposition to Motion to Dismiss).

10.     After conferring with the Court, US Rebar and Doherty restyled their motion as one for summary judgment and served it on the Trustees, along with supporting affidavits and declarations demonstrating that the Trustees clearly knew of Doherty's cash payments when they signed the Settlement Agreement.  Appendix, Exhibit 8 (US Rebar's and Doherty's Notice of Motion for Summary Judgment); Exhibit 9 (Affirmation of Michael Rabinowitz); Exhibit 10 (Affidavit of Charles Doherty); and Exhibit 11 (Affidavit of Thomas McDonough).

11.     Shortly before the Trustees were to file an opposition brief, however, the Trustees agreed to dismiss the RICO Lawsuit and the parties filed a stipulation of dismissal on or about June 26, 2008.  Appendix, Exhibit 12 (Stipulation).

12.     On July 29, 2008, the Trustees signed and delivered the Release, as required by the Settlement Agreement.  Appendix Exhibit 3 (Release).

## US Rebar's Collective Bargaining Agreement

13.     US Rebar signed several collective bargaining agreements with Local 46 (the "Union"), each of which obligated US Rebar to contribute certain amounts to the Fund based on the hours worked by its Union employees; however, US Rebar terminated its last collective bargaining agreement with the Union effective as of June 30, 2005.  Appendix, Exhibit 13 (US Rebar's termination notice dated February 24, 2005).

14.     Thereafter, US Rebar lawfully refused to negotiate a successor agreement with the Union.  Appendix, Exhibit  14 (US Rebar's letters to the Union dated April 6, April 18, April 21, and April 28, 2005).

15.     The Union challenged the validity of US Rebar's conduct by filing an unfair labor practice change; however, the Union eventually withdrew the charge.  Appendix, Exhibit 15 (Unfair Labor Practice Charge and corresponding approval of the withdrawal of the Charge).

16.     Accordingly, there can be no dispute that neither US Rebar, nor its alleged alter ego NY Rebar, has had any obligation to contribute to the Fund under any collective bargaining agreement for work performed after June 30, 2005.

## The Assessment of Withdrawal Liability

17**.**     By letter dated January 11, 2007, the Trustees assessed withdrawal liability against US Rebar, claiming that US Rebar withdrew from the Fund on July 1, 2005.  On August 1, 2007, the Trustees rejected US Rebar's request for reconsideration and reaffirmed the assessment of withdrawal liability.   Appendix, Exhibit 4. (Trustees' withdrawal liability correspondence to US Rebar).

## The Criminal Case

18.     On or about June 30, 2005, the United States Attorney's Office for the Eastern District of New York filed criminal information against Doherty, alleging, among other things, that Doherty, through US Rebar, had engaged in a money laundering conspiracy between approximately January 1, 1998 and July 31, 2002, related to a check-cashing scheme intended to pay US Rebar's employees in cash "off the books".  Appendix, Exhibit 16 (Information).

19.     On September 12, 2005, Doherty pled guilty to one count of a money laundering conspiracy.  Appendix, Exhibit 10 (Doherty Aff. at ¶5).

## The Delinquent Contribution Lawsuit

20.    The Trustees filed the Delinquent Contribution Lawsuit against US Rebar on or about May 17, 2005.  Notably, the Trustees did not sue Doherty.  Appendix, Exhibit 17 (Delinquent Contribution Lawsuit Docket Sheet).

21.    In the days and weeks following Mr. Doherty's guilty plea, the Trustees and their agents repeatedly communicated both their knowledge of that guilty plea and their threat to assert RICO claims against Doherty and US Rebar if their settlement demands in the Delinquent Contribution Lawsuit were not met.  These communications included the events below described in Paragraphs 22 - 26.

22.    In late September 2005, Mr. Kaming told Mr. Rabinowitz at a conference before a Magistrate that "the Funds were aware that Doherty had a pending criminal matter."  Appendix, Exhibit 9 (Rabinowitz Aff. at ¶4).

23.    At a meeting in early October 2005, attended by Thomas E. McDonagh, US Rebar's accountant, Mr. Kaming, and plaintiffs' accounting firm, Audit Associates, Mr. Kaming threatened Mr. McDonagh that if US Rebar did not accept plaintiffs' audit conclusions, plaintiffs would imminently file a RICO suit against US Rebar and Mr. McDonagh personally.  Appendix, Exhibits 10 (Doherty Aff. at ¶10); Exhibit 11 (McDonagh Aff. at ¶¶4-5).

24.    In late October 2005, a Business Agent for the Union (and a Trustee herein), Fred Lemoine, reiterated to Michael Doherty, Doherty's brother, specific details of the criminal case, including the fact that Doherty was to be subjected to a $500,000.00 forfeiture to the government within the next month.  Appendix, Exhibit 10 (Doherty Aff. at ¶11).

25.    In January 2006, while attending a reception at the Las Vegas Hilton during the World of Concrete convention, Doherty spoke with another Union Business Agent (and another Trustee herein), Terrence Moore.  Mr. Moore told Doherty that he "knew about [his] money

laundering conviction" and that he knew that Doherty was "talking to the Government about Local 46." Appendix, Exhibit 10 (Doherty Aff. at ¶12).

26.    At numerous times during settlement negotiations between counsel, which commenced in February 2006, Mr. Kaming threatened US Rebar and Doherty with additional legal action, including civil RICO claims. Appendix, Exhibit 9 (Rabinowitz Aff. at ¶¶4, 9, and 18).

27.    Against the backdrop of the criminal matter and the Trustees' overt threats, counsel for the parties nevertheless began active settlement negotiations that culminated in the Settlement Agreement and Release. Appendix, Exhibit 9 (Rabinowitz Aff. at ¶6); Exhibit 10 (Doherty Aff. at ¶¶13, 14).

**The Settlement Agreement and Release**

28.    On March 10, 2006, the Trustees, US Rebar, and Doherty executed the Settlement Agreement and the Court approved the same to resolve the Delinquent Contribution Lawsuit. Appendix, Exhibit 2.

29.    Among other things, the Settlement Agreement provided that the caption would be amended to add Doherty as a defendant and that Doherty personally guaranteed the payment of the settlement amount. Appendix, Exhibit 2, ¶¶ 1A and 8.

30.    Thereafter, US Rebar and/or Doherty made each settlement payment on or ahead of schedule and ultimately paid the balance in full ahead of schedule by delivering the payment to the Trustees' counsel (as an escrow agent) on November 27, 2007. By agreement of the parties, the Trustees' counsel released the final payment to the Trustees on July 14, 2008. Appendix, Exhibit 10 (Doherty Aff. at ¶20; Exhibit 18 (Rabinowitz letter to Kaming and Kaming letter to Rabinowitz).

31.     On July 29, 2008, the Trustees executed the Release.    Appendix, Exhibit 3 (Release).

### The Trustees' Counterclaim

Count II of the Trustees' Counterclaim in this case alleges in pertinent part as follows:

61.     Doherty has acknowledged under oath that between 1997 and into mid-2003, he orchestrated a criminal scheme to pay US Rebar's Union workers a substantial portion of their wages in cash.   Doherty's admitted purpose in perpetrating the unlawful scheme was to avoid having to make the CBA-mandated benefit payments to, and fraudulently conceal the non-payment of such benefits from, the Plan.

****

65.     In or about late 2004, and as further part of his extended and continuing scheme to defraud the Plan, Doherty formed NY Installation.   Doherty formed NY Installation as an alter ego of US Rebar under a different name and using non-Union labor, all in an effort to conceal and disguise from the Plan the fact that withdrawal liability had been incurred ….

****

88.     Under ERISA, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §§ 1381 - 1453, the term "employer" means a person who is obligated to contribute to a multiemployer pension plan.

89.     Beginning in or about 1994 and at all time relevant herein, US Rebar was obligated to contribute to the Plan.   Therefore, US Rebar was an "employer" within the meaning of ERISA, as amended by MPPAA.

90.     At all times relevant herein, Doherty was a corporate officer of and exercised total operational control over US Rebar and its alter-ego NY Installation.

91.     At all times relevant herein, Doherty was directly responsible for US Rebar's and its alter-ego NY Installation's failure to make contributions to the Plan, in accordance with the terms and conditions of the CBA.

92.     At all relevant times herein, Doherty has exercised his total operational control over US Rebar and its alter-ego NY Installation in a fraudulent, criminal, and otherwise illegal manner, all as part of his continuing efforts to defraud the Plan.

93.     Accordingly, in addition to US Rebar and its alter-ego NY Installation, Doherty was also an "employer" within the meaning of ERISA, as

amended by the MPPAA, and, as such, is jointly and severally liable with US Rebar and NY Installation for the Withdrawal Liability.  (Emphasis added.)

Appendix, Exhibit 1 (Counterclaim).

BUCHANAN INGERSOLL & ROONEY PC


_____/s/_____
Ryan P. Farley (RF-6984)
New York Times Building
620 8th Avenue, 23rd Floor
New York, NY 10018
Phone:  212-440-4492
Fax:  212-440-4401
E-mail:  ryan.farley@bipc.com

DATED:  August 20, 2008

OF COUNSEL:
Robert S. Hawkins
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
Phone:  215-665-5310
Fax:  215-665-8760
E-mail:  robert.hawkins@bipc.com

David J. Laurent
George Basara
BUCHANAN INGERSOLL & ROONEY PC
20th Floor, One Oxford Centre
Pittsburgh, PA 15219-1410
Phone (412) 562-1857
Fax (412) 562-1041
E-Mail:  david.laurent@bipc.com