IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- :
NEW YORK REBAR INSTALLATION, INC. and : 
UNITED STATES REBAR, INC., :
 :
          Plaintiffs, :
 :
    - against- : NO. 07-CIV-7607(CM)
 :
ROBERT LEDWITH, TERRENCE MOORE, :
FRED LEMOINE, KEVIN KELLY, ALFRED G. :
GEROSA, KEVIN O'BRIEN, JOHN BRUNETTI, :
and DENNIS ULVERSOY, as TRUSTEES of the :
LOCAL #46 METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
 :
          Defendants. :
 :
---------------------------------------------------------------- :
 :
ROBERT LEDWITH, TERRENCE MOORE, :
FRED LEMOINE, KEVIN KELLY, ALFRED G. :
GEROSA, KEVIN O'BRIEN, JOHN BRUNETTI, :
and DENNIS ULVERSOY, as TRUSTEES of the :
LOCAL #46 METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
 :
          Counterclaim Plaintiffs, :
 :
    - against - :
 :
NEW YORK REBAR INSTALLATION, INC. and :
UNITED STATES REBAR, INC., and CHARLES :
DOHERTY, :
 :
          Counterclaim Defendants. :
----------------------------------------------------------------

**COUNTERCLAIM DEFENDANT CHARLES DOHERTY'S
MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. PROCEDURAL BACKGROUND AND PRIOR RELATED PROCEEDINGS ...............3

III. MATERIAL FACTS ............................................................................................................5
    A. US Rebar's Collective Bargaining Agreement ........................................................5
    B. The Assessment of Withdrawal Liability ................................................................5
    C. The Criminal Case ...................................................................................................6
    D. The Delinquent Contribution Lawsuit .....................................................................6
    E. The Settlement Agreement and the Release ............................................................7
    F. The Trustees' Counterclaim.....................................................................................8

IV. STANDARD OF REVIEW ..................................................................................................9

V. ARGUMENT........................................................................................................................10
    A. Controlling Shareholders and Officers Are Not "Employers" for Purposes of Collecting Pension Plan Withdrawal Liability ..................................................10
        1. The General Rule ........................................................................................10
        2. The Second Circuit's decision in Leddy does not apply to withdrawal liability. ...................................................................................12
    B. The Settlement Agreement and the Release Bar Count II of the Counterclaim............................................................................................................15
        1. The Settlement Agreement and the Release Bar Claims for All Matters Up to and Including June 30, 2005................................................15
        2. Count II of the Trustees' Counterclaim is Based Exclusively on Events that Occurred on or Before June 30, 2005. ....................................15
    C. Doherty's Conduct After June 30, 2005 Does Not and Cannot Establish That He is an "Employer" for Purposes of MPPAA.............................................16

VI. CONCLUSION...................................................................................................................19

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Coughlin*, 64 F.3d 77 (2d Cir. 1995) .................................................................................. 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................... 9, 10

*Building Service 32B-J Health Fund v. McCaffree,* 225 Fed. Appx. 25 (2d Cir. 2007) ............................................................................................................................................. 17

*Canario v. Lidelco, Inc.,* 782 F. Supp. 749 (E. D. N. Y. 1992) ............................................... 12, 14

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................................. 9

*Cement and Concrete Workers District Council Welfare Fund, Pension Fund, Legal Services Fund and Annuity Fund v. Lollo*, 148 F. 3d 194 (2d Cir. 1998) ...................... 17

*Connors v. P & M Coal Co.,* 801 F. 2d 1373 (D.C. Cir. 1986) ...................................................... 11

*Consorcio Prodipe S.A. de C.V. v. Vinci, S.A.*, 544 F. Supp. 2d 178 (S. D. N. Y. 2008) ............................................................................................................................................. 15

*DeBrecceni v. Graf Brothers Leasing, Inc.*, 828 F. 2d. 877 (1st Cir. 1987) ................................. 11

*Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423 (2d Cir. 2001), *cert. denied,* 534 U.S. 891 (2001) .......................................................................................................................... 9

*Glover v. S. D. R. Cartage Company, Inc.,* 681 F. Supp. 1293 (N. D. Ill. 1988) ................... 12, 14

*Korea Shipping Corp. v. New York Shipping Association,* 880 F. 2d 1531 (2d Cir. 1989) ......................................................................................................................... 11, 13, 14, 16

*Leddy v. Standard Drywall, Inc.,* 875 F. 2d 383 (2d Cir. 1989) ............................................ passim

*Local 46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust, et al v. United States Rebar, Inc.,* No. CV-05-2356 ....................................................................... 1

*Nachman Corp. v. Pension Benefit Guarantee Corp.*, 446 U.S. 359 n. 14 (1980) ....................... 11

*Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79 (2d Cir. 2004) .................................................. 9

*Robert Ledwith, et al. v. Charles Doherty, et al.,* No. 07-CV-4237 (CBA) .................................. 4

*Sasso v. Cervoni,* 985 F. 2d 49 (2d Cir.), *cert. denied*, 508 U.S. 973 (1993) ............................... 16

*Scarbrough v. Perez,* 870 F. 2d 1079 (6th Cir. 1989) ................................................................... 11

*Sun-Up Coal Co., Inc.,* 634 F. Supp. 13 (D. C. D. C. 1985) .................................................... 12, 14

**Statutes**

29 U.S.C. § 1132 ............................................................................................................................. 12

29 U.S.C. § 1381(b)(2) ..................................................................................................................... 3

29 U.S.C. § 1392(a) ........................................................................................................................ 14

29 U.S.C. §§ 1002 (5) and (9) ........................................................................................................ 11

29 U.S.C. §§ 1381 *et seq.*........................................................................................................... 10

**Rules**

Fed. R. Civ. P. 56(c) ...................................................................................................................... 9
Fed. R. Civ. P. 56(e)(2).................................................................................................................. 9

## I. **INTRODUCTION**

The Court should grant partial summary judgment in favor of Charles Doherty ("Doherty") and dismiss Count II of the Defendants/Counterclaim Plaintiffs' (collectively the "Trustees") Counterclaim. Count II alleges that Doherty is an "employer" and, therefore, personally responsible for the payment of the withdrawal liability the Trustees assessed against Plaintiff United States Rebar, Inc. ("US Rebar") because of Doherty's "total operational control over US Rebar and its alter-ego NY Installation in a fraudulent, criminal, and otherwise illegal manner, all as part of his continuing efforts to defraud the Plan." Declaration of David J. Laurent, Appendix Exhibit 1 (Counterclaim, ¶92).[1] As set forth more fully below, however, Count II should be dismissed as a matter of law because courts across the country uniformly hold that corporate shareholders and officers cannot be held personally responsible for withdrawal liability as "employers."

Count II also should be dismissed because a court-approved March 10, 2006 Settlement Agreement and a corresponding Release in prior litigation captioned *Local 46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust, et al v. United States Rebar, Inc.,* No. CV-05-2356, in the United States District Court for the Eastern District of New York ("Delinquent Contribution Lawsuit") bar the Trustees from asserting that claim. The Settlement Agreement states in pertinent part as follows:

> 1B.  Upon satisfaction of the terms, as provided herein, of this stipulation and the completing of all payments, the Funds shall provide United States Rebar, Inc. and <u>Charles S. Doherty</u> a general release in the form attached hereto. Likewise, United States Rebar, Inc. and Charles S. Doherty shall provide to the Funds a general release in the form attached hereto.
>
> 1C.  So long as the payments as provided by the terms hereunder, are current, <u>the Funds will take no action against United States Rebar, Inc. and</u>

---

[1] Hereinafter, documents attached to the Declaration of David J. Laurent will be identified as "Appendix, Exhibit __."

<u>Charles S. Doherty for any matters previous to June 30, 2005</u> and United States Rebar, Inc. will take no action against the Funds for any matters previous to June 30, 2005.  (Emphasis added.)

Appendix, Exhibit 2 (Settlement Agreement).

The Release referred to in the Settlement Agreement similarly states that, upon the payment of the settlement funds, <u>all of which have been paid</u>, the Fund (the Releasors):

> releases and discharges <u>CHARLES S. DOHERTY</u> and UNITED STATES REBAR, INC., the RELEASES, RELEASEES' heirs, executors, administrators, successors and assigns <u>from all actions, causes of action, suits,</u> debts dues, sums of money, accounts, reckonings, bonds, bills, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, <u>which against the RELEASEES, the RELEASORS, RELEASORS' heirs, executors, administrators, successors and assigns every had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.  For all those matters up to and including June 30, 2005</u>.  (Emphasis added.)

Appendix, Exhibit 3 (Release).

As set forth more fully below, <u>all</u> of the allegedly fraudulent conduct that supports (or could support) the Trustees' allegations in Count II occurred before June 30, 2005.[2]  Therefore, even if Doherty could be deemed an "employer" for purposes of withdrawal liability, the Settlement Agreement and the Release collectively bar the Trustees' from asserting that claim.

Finally, the predicate to the Trustees' assertion that Doherty is an "employer" is that Doherty allegedly defrauded them out of certain contributions.  However, that rationale cannot possibly apply after June 30, 2005.  First, US Rebar did not have an obligation to contribute to

---

[2] The Release states that it releases Doherty from all claims "whatsoever from the beginning of the world to the day of the date of this RELEASE [July 29, 2008].  For all those matters up to and including June 30, 2005."  Thus, on its face, the Release purports to release Doherty for all matters up through July 29, 2008, the day the Trustees signed the Release.  Nonetheless, the Trustees may argue that the Release only applies to matters up through June 30, 2005.  However, this is not a material dispute of fact or law because Court II should be dismissed even if the Trustees' interpretation prevails.  Therefore, for purposes of Doherty's motion for

- 2 -

the Fund after its last collective bargaining agreement was terminated effective June 30, 2005. Second, Doherty did not make any fraudulent statements to the Trustees after June 30, 2005 on which they relied to their detriment. Accordingly, the Court should grant partial summary judgment in favor of Doherty and dismiss Count II of the Trustees' Counterclaim.

## II.     PROCEDURAL BACKGROUND AND PRIOR RELATED PROCEEDINGS

The Trustees assessed withdrawal liability against US Rebar in January 2007. The Trustees reasoned that US Rebar withdrew from the Fund as of July 1, 2005, because US Rebar's alleged alter ego, New York Rebar Installation, Inc. ("NY Install"), continued to perform work within the jurisdiction of the US Rebar's expired collective bargaining agreement, without renewing the obligation to contribute to the Fund. Appendix, Exhibit 4 (Trustees' letters assessing withdrawal liability).

US Rebar and NY Install subsequently initiated this action to obtain a declaration that they did not withdraw from the Local #46 Metallic Lathers Union and Reinforcing Iron Workers Pension Fund ("Fund") under Section 4203(b)(2) of the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. § 1381(b)(2), because they are not alter egos and because NY Install is not performing work in the jurisdiction of US Rebar's expired collective bargaining agreement.

The Trustees filed an Answer and a Counterclaim. Count I of the Counterclaim alleged that US Rebar and NY Install are alter egos, and Count II alleged that Doherty is an "employer" and, therefore, personally responsible for the subject withdrawal liability. Appendix, Exhibit 1 (Counterclaim). US Rebar, NY Install, and Doherty filed a Reply to Counterclaim which, among other things, raised the Settlement Agreement and the Release as an affirmative defense.

---

partial summary judgment, and without waiving any arguments, Doherty will assume that the Release applies only to matters up through June 30, 2005.

Shortly after filing the Counterclaim, the Trustees filed a separate lawsuit against US Rebar and Doherty in the Eastern District of New York, captioned *Robert Ledwith, et al. v. Charles Doherty, et al.,* No. 07-CV-4237 (CBA) ("RICO Lawsuit").  The Trustees' Amended Complaint in the RICO Lawsuit asserted claims under the Racketeer Influenced and Corrupt Organizations Act, the Employee Retirement Income Security Act, the Labor Management Relations Act, and common law fraud.  The Trustees alleged that in September 2005, Doherty had pled guilty to a money laundering scheme by which he cashed certain fraudulent checks and then paid his employees for weekend overtime work in cash during the period of approximately 1998 through mid-2003, but fraudulently did not contribute to the Fund for the weekend work the employees had performed.  Appendix, Exhibit 5 (Trustees' Amended Complaint in the RICO Lawsuit).

US Rebar and Doherty filed a motion to dismiss the RICO Lawsuit, citing the Settlement Agreement and the Release.  Appendix, Exhibit 6 (US Rebar's and Doherty's Notice of Motion to Dismiss).  The Trustees opposed the motion, arguing that the Settlement Agreement and the Release had been procured by fraud.  Exhibit 7 (Trustees' Opposition to Motion to Dismiss).

After conferring with the Court, US Rebar and Doherty restyled their motion as one for summary judgment and served it on the Trustees, along with supporting affidavits and declarations demonstrating that the Trustees clearly knew of Doherty's cash payments when they signed the Settlement Agreement.  Appendix, Exhibit 8 (US Rebar's and Doherty's Notice of Motion for Summary Judgment); Exhibit 9 (Affirmation of Michael Rabinowitz); Exhibit 10 (Affidavit of Charles Doherty); and Exhibit 11 (Affidavit of Thomas McDonough).  Shortly before the Trustees were to file an opposition brief, however, the Trustees agreed to dismiss the RICO Lawsuit and the parties filed a stipulation of dismissal on or about June 26, 2008.