APPENDIX

EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS WELFARE TRUST,
ANNUITY FUND, PENSION FUND, APPRENTICESHIP
FUND, VACATION FUND, and SCHOLARSHIP FUND
and TONY D'AMICO in his fiduciary capacity
capacity as Director of the LOCAL # 46 METALLIC
LATHERS UNION AND REINFORCING IRON WORKERS
WELFARE TRUST, ANNUITY FUND, PENSION FUND,
APPRENTICESHIP FUND, VACATION FUND, and
SCHOLARSHIP FUND

Civil Action No.

CV-05-2356 (CBA)

And

ROBERT LEDWITH, as Business Manager of
the LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS and in his
fiduciary capacity as a Trustee of the
POLITICAL ACTION FUND and IRON WORKERS
POLITICAL EDUCATION FUND

Plaintiffs

-against-

UNITED STATES REBAR, INC.

Defendant.

------------------------------------------------X

SETTLEMENT AGREEMENT
UNITED STATES REBAR, INC. and CHARLES S. DOHERTY and LOCAL #46
METALLIC LATHERS UNION AND REINFORCING IRON WORKERS
WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP
FUND, VACATION FUND, SCHOLARSHIP FUND AND OTHER FUNDS

IT IS HEREBY AGREED by and between the undersigned parties to this agreement as follows:

1.   UNITED STATES REBAR, INC. acknowledges the following indebtedness to the Local # 46 Metallic Lathers Union And Reinforcing Ironworkers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Scholarship Fund and Other Funds (referred to as "the Funds") [These are all the funds

1

for which payment is made pursuant to the collective bargaining agreement and which are referred to in captioned actions as LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, and SCHOLARSHIP FUND and TONY D'AMICO in his fiduciary capacity as Director of the LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, and SCHOLARSHIP FUND and OTHER FUNDS, ROBERT LEDWITH, as Business Manager of the LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS and in his fiduciary capacity as a Trustee of the POLITICAL ACTION FUND and IRON WORKERS POLITICAL EDUCATION FUND] for the period July1, 2001 through June 30, 2005.

1A. Upon satisfaction of the terms of this stipulation, UNITED STATES REBAR, INC. and signatory, Charles S. Doherty shall have fulfilled their obligations to the Funds for this period and shall be considered fully released as per the schedule in paragraph 3. If the terms of this agreement are not satisfied, the Funds shall have the right to enter judgment for the amounts remaining owing under this agreement against UNITED STATES REBAR, INC. and signatory, Charles S. Doherty, jointly or separately. It is stipulated that the caption hereunder is amended to name Charles S. Doherty as a party defendant with the same causes of actions against Charles S. Doherty personally as against United States Rebar, Inc.

1B. Upon satisfaction of the terms, as provided herein, of this stipulation and the completion of all payments, the Funds shall provide United States Rebar, Inc. and Charles S. Doherty a general release in the form attached hereto. Likewise United States Rebar, Inc. and Charles S. Doherty shall provide to the Funds a general release in the form attached hereto.

1C. So long as the payments as provided by the terms hereunder, are current, the Funds will take no action against United States Rebar, Inc. and Charles S. Doherty for any matters previous to June 30, 2005 and United States Rebar, Inc. will take no action against the Funds for any matters previous to June 30, 2005.

2. UNITED STATES REBAR, INC. acknowledges indebtedness to the Funds for the amount of $242,613.09 for the audit period July 1, 2001 through June 30, 2005 and interest at 9% per annum from March 1, 2006 thereafter on all amounts outstanding until fully paid.

3. UNITED STATES REBAR, INC. shall pay this stipulated indebtedness as identified in paragraph 2 to the funds and UNITED STATES REBAR, INC. and signatory Charles S. Doherty shall be released from all obligations to the funds as per the

payment and release schedule as follows:

PAYMENTS

| # | Date | amt. | Principal | Interest |
|---|------|------|-----------|----------|
| 1. | 3/01/06 | $65,000.00 | $65,000.00 | $0.00 |
| 2. | 6/01/06 | $10,000.00 | $6,003.71 | $3,996.29 |
| 3. | 9/01/06 | $10,000.00 | $6,138.79 | $3,861.21 |
| 4. | 12/01/06 | $10,000.00 | $6,276.91 | $3,723.09 |
| 5. | 3/01/07 | $10,000.00 | $6,418.14 | $3,581.86 |
| 6. | 6/01/07 | $15,000.00 | $11,562.55 | $3,437.45 |
| 7. | 9/01/07 | $15,000.00 | $11,822.71 | $3,177.29 |
| 8. | 12/01/07 | $15,000.00 | $12,088.72 | $2,911.28 |
| 9. | 3/01/08 | $15,000.00 | $12,360.71 | $2,639.29 |
| 10. | 6/01/08 | $20,000.00 | $17,638.83 | $2,361.17 |
| 11. | 9/01/08 | $20,000.00 | $18,035.70 | $1,964.30 |
| 12. | 12/01/08 | $20,000.00 | $18,441.51 | $1,558.49 |
| 13. | 3/01/09 | $20,000.00 | $18,856.44 | $1,143.56 |
| 14. | 6/01/09 | $20,000.00 | $19,280.71 | $739.29 |
| 15. | 9/01/09 | $12,973.00 | $12,687.66 | $285.47 |
| Total | | $277,973.13 | $242,613.09 | $35,360.04 |

4. All payments to the Funds shall be made payable to "Local # 46 Metallic Lathers Fund" and shall be sent by first class mail to the Funds' offices located at 260 East 78th Street New York, New York 10021-2095, unless UNITED STATES REBAR, INC. shall have been notified by the Funds in writing of another address or addressee to which payments are to be sent.

5. It is understood and agreed by the Funds and UNITED STATES REBAR, INC. and the signatory, Charles S. Doherty that the settlement amounts herein represent payments of all amounts owed by UNITED STATES REBAR, INC. and Charles S. Doherty to the Funds for the period July1, 2001 through June 30, 2005 under the terms of the Local #46 Metallic Lathers Union And Reinforcing Iron Workers Welfare Trust, Annuity Fund, Pension Fund, Apprentice Fund, Vacation Fund, Scholarship Fund and all Other Funds and applicable collective bargaining agreements.

6. In the event any payment under paragraphs 1, 2, 3 hereof is not made when due, the Funds or their authorized agent shall mail certified mail return receipt requested or deliver by personal service a notice of such default addressed to UNITED STATES REBAR, INC. at 332 North Main Street, Freeport, NY 11520 and to Michael M. Rabinowitz, Esq. At Rabinowitz and Galina, Esqs., 94 Willis Avenue, Mineola, NY 11501, Unless UNITES STATES REBAR, INC. shall have notified the Funds in writing of another address for the giving of such notice. Such default may be cured by making payment of the delinquent installment within fourteen business days of mailing of the Funds' notice of default.

7. In the event any default of UNITES STATES REBAR, INC. is not cured in accordance with the terms of paragraph 6 hereof, Funds' counsel shall have the right at their sole option and discretion, to enter judgment against UNITES STATES REBAR, INC. and signatory, Charles S. Doherty for the full total remaining amount owing under this stipulation. UNITES STATES REBAR, INC. and Charles S. Doherty shall receive credit for the amounts paid per the schedule in paragraph 3 hereof, but a default shall

3.

render the unpaid balance, plus any applicable legal fees and costs, due and owing. Further, a default shall entitle the Funds or its constituents to proceed against UNITED STATES REBAR, INC. and Charles S. Doherty for any additional sums, damages which were suffered, entitlements or rights possessed or claimed beyond the $242,613.09 of this settlement that may be owing or claimed relating to UNITED STATES REBAR, INC. and this period July 1, 2001 through June 30, 2005 as regards UNITED STATES REBAR, INC. It is agreed that this agreement tolls any statute of limitations or like defense relating to any such claim or claims for the period from the signing of this agreement until the default and UNITED STATES REBAR, INC. and Charles Doherty agrees to be estopped from interposing the defense of statute of limitations or like defense premised on the time of this period; however, this tolling is subject to the restrictions of 1B. and 1C.

8. Charles S. Doherty agrees to guarantee the payment of the amounts owed under this agreement pursuant to the terms of this agreement and, if the amounts owed under the terms of this agreement are not paid according to the terms of this agreement, Charles S. Doherty agrees to be bound by the provisions of this agreement and pay the amounts owed.

9. This agreement shall be binding upon the Funds, UNITED STATES REBAR, INC. their assignees, executors, administrators, heirs and any successor and Charles S. Doherty, his assignees, executors, administrators, heirs and any successor and

4

shall not be changed unless signed by all below.

LOCAL # 46 METALLIC LATHERS
UNION AND REINFORCING IRON
WORKERS WELFARE TRUST,
ANNUITY FUND, PENSION FUND,
APPRENTICESHIP FUND, VACATION
FUND, and SCHOLARSHIP FUND and
OTHER FUNDS

_____
By Tony D'Amico
260 East 78th Street
New York, New York 10021

LOCAL #46 METALLIC LATHERS
UNION AND REINFORCING
IRON WORKERS

_____
By ROBERT LEDWITH
1322 3rd Avenue
NY, NY 10021

UNITED STATES REBAR, INC.

_____
By CHARLES S. DOHERTY
332 North Main St.
Freeport, NY 11520

_____
CHARLES S. DOHERTY
332 North Main St.
Freeport, NY 11520

_____
JOSEPH S. KAMING, ESQ.
KAMING & KAMING ESQS.
Attorneys for Plaintiffs
156 East 65th Street
New York, NY 10021

_____
MICHAEL M. RABINOWITZ, ESQ.
RABINOWITZ AND GALINA ESQS.
Attorney for United States Rebar, Inc.
94 Willis Avenue
Mineola, NY 11501

SO ORDERED:

_____ 4/7/06
HON. CAROL BAGLEY AMON

Dated: New York, New York
       March 10, 2006

5

GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

KNOW THAT Local #46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust and Other Funds

as RELEASORS,

in consideration of the sum of AMOUNTS GIVEN
($            ),
received from CHARLES S. DOHERTY and UNITED STATES REBAR, INC.

as RELEASEES,
receipt whereof is hereby acknowledged, releases and discharges

CHARLES S. DOHERTY and UNITED STATES REBAR, INC.

the RELEASEES, RELEASEES' heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEES, the RELEASORS, RELEASORS' heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

For all those matters up to and including June 30, 2005.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the         day of March        2006:

In presence of:

_____ L.S.
TONY D'AMICO
Funds Director


_____ L.S.
ROBERT LEDWITH
UNION BUSINESS MANAGER

STATE OF NEW YORK        , COUNTY OF NEW YORK            ss.:

On              2006    , before me                    personally came
TONY D'AMICO                            to me known, and known to me to be
the individual(s) described in, and who executed the foregoing RELEASE, and
duly acknowledged to me that   he   executed the same.

_____


STATE OF NEW YORK        , COUNTY OF NEW YORK            ss.:

On              2006    , before me                    personally came
ROBERT LEDWITH                          to me known, and known to me to be
the individual(s) described in, and who executed the foregoing RELEASE, and
duly acknowledged to me that   he   executed the same.

_____

GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

KNOW THAT UNITED STATES REBAR, INC.
                                                    as RELEASORS,

in consideration of the sum of AMOUNTS GIVEN
                                                ($         ),
received from Local #46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust and Other Funds

                                                    as RELEASEE,
receipt whereof is hereby acknowledged, releases and discharges
Local #46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust and Other Funds
        the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

   For all those matters up to and including June 30, 2005.

   Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

   This RELEASE may not be changed orally.

   IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the        day of March         2006.

   In presence of:
                                            _____ L.S.
                                            CHARLES S. DOHERTY
                                            On behalf of UNITED STATES
                                            REBAR, INC.


STATE OF NEW YORK       , COUNTY OF          ss.:

   On           2006   , before me             personally came
Charles S. Doherty on behalf of United States Rebar, Inc.
to me known, and known to me to be the individual(s) described in, and who executed the foregoing RELEASE, and duly acknowledged to me that  he executed the same.

                                            _____

GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

KNOW THAT CHARLES S. DOHERTY

as RELEASORS,

in consideration of the sum of AMOUNTS GIVEN ($       ),

received from Local #46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust and Other Funds

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges Local #46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust and Other Funds the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

For all those matters up to and including June 30, 2005.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the       day of March       2006.

In presence of:

_____L.S.
CHARLES S. DOHERTY

STATE OF NEW YORK       , COUNTY OF       ss.:

On       2006 , before me       personally came Charles S. Doherty       to me known, and known to me to be the individual(s) described in, and who executed the foregoing RELEASE, and duly acknowledged to me that   he   executed the same.

_____