# APPENDIX

# EXHIBIT 14

**UNITED STATES REBAR, INC.**

258 N. MAIN STREET, FREEPORT, NY 11520
888.45.REBAR • 516.379.7730 • 516.379.7718 FAX
www.usrebar.com

Charles Doherty
PRESIDENT

Mr. Robert A. Ledwith
Business Manager
Local 46, Metallic Lathers Union
and Reinforcing Iron Workers
1322 Third Avenue at 76th St.
New York, NY 10021

April 6, 2005

Re:  *Termination of Collective Bargaining Agreement*

Dear Mr. Ledwith:

In response to your letter to me dated March 17, 2005, please be advised that my prior letter to you notifying you of U.S. Rebar's intent to terminate a current Collective Bargaining Agreement was written with the understanding that U.S. Rebar had recognized Local No. 46 under Section 8(f) of the National Labor Relations Act. Accordingly, following the expiration of the current Agreement, U.S. Rebar will have no legal obligation to continue to recognize Local No. 46. Furthermore, U.S. Rebar rejects your offer to meet and bargain for a successor agreement. Moreover at the present, U.S. Rebar has ceased field operations, has no employees and does not employ any tradesmen that would be covered by the current Local 46 Agreement.

Sincerely,

Charles Doherty
President
United States Rebar, Inc.

NYR_000079

# UNITED STATES REBAR, INC.

288 N. MAIN STREET, FREEPORT, NY 11520
888.46.REBAR • 516.379.7730 • 516.379.7718 FAX
www.usrebar.com

Charlie Doherty
PRESIDENT

April 18, 2005

Local No. 46
Robert Ledwith
Business Manager
Metallic Lathers & Reinforcing Iron Workers
1322 Third Avenue
New York, New York 10021

Via Fax
212-249-1226

Re:    Your Letter April 15, 2005

Dear Mr. Ledwith:

I am in receipt of your letter dated April 15, 2005. In your letter you state that, based on your "understanding and information" you are "aware of the fact that United States Rebar, Inc. or one of its affiliated concerns is currently engaged in construction work on several jobsites and is apparently undertaking construction work in blatant violation of this unions collective bargaining agreement..."

Please be advised that your understanding, information, and awareness is incorrect and that your allegation of collective bargaining agreement violations is false and has no basis in fact. It is my belief that local 46 is confusing my personal activities on behalf of the Merit Builders and Contractors Alliance of Greater NY, a non-union trade and advocacy association, with the business activities of United States Rebar, Inc. and its affiliates. While I have personally been actively recruiting, advocating and assisting in the development of non-union construction firms on behalf of the Merit Builders and Contractors Alliance, neither I, United States Rebar Inc. nor any firm affiliated with United States Rebar, Inc or me are currently engaged in any type of construction work or contracting activity within the boundaries of local 46's geographic jurisdiction.

Additionally, United States Rebar rejects your assertion that our contract with local 46 was not made pursuant to Section 8(f) of the National Labor Relations act. United States Rebar, Inc. reiterates our position that the collective bargaining agreement between United States Rebar, Inc. and local 46 was in fact a Section 8(f) agreement and accordingly, United States Rebar, Inc. has no obligation to bargain with local 46.



United States Rebar, Inc. welcomes the opportunity to defend and prove our positions on the above issues in any and all proper legal venues.

Sincerely,

*[signature]*

Charles Doherty
United States Rebar, Inc.

Cc:   James Sullivan

# UNITED STATES REBAR, INC.

268 N. MAIN STREET, FREEPORT, NY 11520
866.46.REBAR • 516.379.7730 • 516.379.7718 FAX
www.usrebar.com

Charles Doherty
PRESIDENT

April 21, 2005

Local No. 46
Robert Ledwith
Business Manager
Metallic Lathers & Reinforcing Iron Workers
1322 Third Avenue
New York, New York 10021

Via Fax
212-249-1226

Re:   Your Letter April 20, 2005

Dear Mr. Ledwith:

I am in receipt of your letter dated April 20, 2005. I would like to take this opportunity to point out and correct the numerous inaccuracies and false statements made by you in your correspondence.

First, you state that I had "suspended" myself as a member of Local 46. This is false. I was not suspended; I resigned my membership from the Local and International Union on July 29, 2003. Both Local 46 and the International Union received my resignation via certified mail.

Second, you state that my activities on behalf of the Merit Builders and Contractors Alliance of Greater NY "constitutes doing business in a non-union fashion by United States Rebar, Inc." This is also false. My personal activities on behalf of the Merit Alliance are limited to the recruitment of new members, acting as an industry communication link between Owners, General Contractors, and Subcontractors, disseminating information and resources on topics ranging from site safety planning, employee compensation packages, project management techniques, and other best industry practices. In addition I have also been actively photographing jobsites and interviewing construction personnel for future Merit Alliance newsletters.

None of the preceding personal activities by me, can be considered contracting, construction, or in any way related to United States Rebar, Inc. Nor are my personal actions inconsistent with my "obligations under ERISA." In fact, I am merely exercising my Constitutionally protected right to Free Association.



Third, you refer to monies owed to Local 46 by United States Rebar, Inc. as determined by your audits. Please note that United States Rebar, Inc. has repeatedly and consistently disputed your audit results. It is our continued contention that the audits were conducted in an unorthodox and non-objective fashion and stray widely from Generally Accepted Accounting Principles.

Fourth, you state that your "investigation discloses facts" and that your "view is that United States Rebar, Inc. continues to engage in construction work and contracting activity." Again, I must reiterate that United States Rebar Inc. is in no way involved in any construction work or contracting activity. Subsequently, there is no factual basis for your erroneous conclusion.

Finally, I must repeat my previous assertion that the Collective Bargaining Agreement between United States Rebar, Inc. and Local 46 was made pursuant to section 8(f) and therefore United States Rear, Inc. has no further obligation to bargain with Local 46.

Sincerely,

Charles Doherty
United States Rebar, Inc.

Cc: James Sullivan

NYR_000087

**UNITED STATES REBAR, INC.**

268 N. MAIN STREET, FREEPORT, NY 11520
888.46.REBAR • 516.379.7730 • 516.379.7718 FAX
www.usrebar.com

Charlus Doherty
PRESIDENT

April 28, 2005

Local No. 46
Robert Ledwith
Business Manager
Metallic Lathers & Reinforcing Iron Workers
1322 Third Avenue
New York, New York 10021

Via Fax
212-249-1226

Re:   Your Letter April 26, 2005

Dear Mr. Ledwith:

I am in receipt of your letter dated April 26, 2005. Please be advised that United States Rebar, Inc. has not been dissolved and is still in business. Although United States Rebar, Inc. has no work in progress and is not actively bidding work at the present time, the company intends to resume operations pending the resolution of certain issues that are out of the control of United States Rebar, Inc.

The first issue affecting the operations of United States Rebar, Inc. concerns the complex legal and estate issues arising out of the tragic circumstances surrounding the death of James Wilson, a principal of United States Rebar, Inc. At the present time, the United States Rebar, Inc. corporate and ownership structure is in a state of limbo. United States Rebar, Inc. is currently in a holding pattern until actions by the Estate of James Wilson, as well as the pending actions of certain third parties with claims against the Estate are resolved.

The second and most distressing issue, which is clearly out of the control of United States Rebar, Inc., is that Local 46 has created jobsite and market conditions where United States Rebar, Inc. can neither fulfill its existing contractual obligations nor successfully bid new work.
Local 46 has repeatedly and continually harassed United States Rebar, Inc. employees and customers, encouraged rulebook slowdowns by Local 46 employees, and repeatedly refused to live up to its obligations per the Collective Bargaining Agreement, Hiring Hall Rules, and Area Practice clause of the CBA. Local 46's illegal jobsite actions have caused serious damage to both United States Rebar, Inc.'s finances and reputation.

Additionally, Local 46 has created a market condition where United States Rebar, Inc. has been unable to successfully bid any projects with previous United States Rebar, Inc. customers. In order to bar United States Rebar, Inc. from the market, Local 46 has assisted and supported the establishment and operation of Queens Rebar, a rebar contractor operated by Local 46 members. Queens Rebar, with the assistance and approval of Local 46, has consistently under bid not only United States Rebar, Inc. but all other legitimate union rebar contractors on projects for former United States Rebar, Inc. customers.

Queens Rebar has consistently bid large public works projects, United States Rebar, Inc.'s specialty, at prices that are below the actual labor cost of the projects. The fact that Queens Rebar prices are consistently below actual labor costs has been independently confirmed by the majority of rebar contractors with Local 46 CBA's. In order for Queens Rebar to successfully complete these projects, they must have the ability to ignore Local 46 Hiring Hall Rules, Work Rules, and CBA. It is apparent that this type of large-scale subversion of the CBA can only be accomplished with the specific knowledge and assistance of Local 46. In fact, United States Rebar, Inc. has compiled specific information and facts concerning the activities of Local 46 officers on behalf of Queens Rebar.

Clearly, until each of the above situations is resolved or until the market improves, United States Rebar, Inc. has no choice but to wait on the sidelines.

Finally, United States Rebar, Inc. maintains and reiterates the position that the Collective Bargaining Agreement between United States Rebar, Inc. and Local 46 was made pursuant to Section 8(f) of the National Labor Relations act and as such, United States Rebar, Inc. has no obligation to bargain with Local 46.

Sincerely,

Charles Doherty
United States Rebar, Inc.

Cc: James Sullivan

NYR_000091