IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- :
NEW YORK REBAR INSTALLATION, INC. and :
UNITED STATES REBAR, INC., :
                             Plaintiffs, :
                     - against- : NO. 07-CIV-7607(CM)

ROBERT LEDWITH, TERRENCE MOORE, :
FRED LEMOINE, KEVIN KELLY, ALFRED G. :
GEROSA, KEVIN O'BRIEN, JOHN BRUNETTI, :
and DENNIS ULVERSOY, as TRUSTEES of the :
LOCAL #46 METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
                             Defendants. :
---------------------------------------------------------------- :

ROBERT LEDWITH, TERRENCE MOORE, :
FRED LEMOINE, KEVIN KELLY, ALFRED G. :
GEROSA, KEVIN O'BRIEN, JOHN BRUNETTI, :
and DENNIS ULVERSOY, as TRUSTEES of the :
LOCAL #46 METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
                  Counterclaim Plaintiffs, :
                 - against - :

NEW YORK REBAR INSTALLATION, INC. and :
UNITED STATES REBAR, INC., and CHARLES :
DOHERTY, :
              Counterclaim Defendants.
----------------------------------------------------------------

**NOTICE OF COUNTERCLAIM DEFENDANT CHARLES DOHERTY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PLEASE TAKE NOTICE** that Charles Doherty ("Doherty"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for partial summary judgment with respect to Count II of Defendants/Counterclaim Plaintiffs' (collectively the "Trustees") Counterclaim, and in support thereof, states as follows.

1. The Trustees assessed withdrawal liability against United States Rebar, Inc. ("US Rebar") in January 2007 on the basis that its alleged alter ego, New York Rebar Installation, Inc. ("NY Installation"), continued to perform work in the jurisdiction of US Rebar's collective bargaining agreement ("CBA") after the CBA expired on June 30, 2005, without renewing the obligation to contribute to the Fund.

2. US Rebar and NY Install dispute the Trustees' allegations initiated this action to obtain a declaration that they did not withdraw from or owe withdrawal liability to the Local #46 Metallic Lathers Union and Reinforcing Iron Workers Pension Fund ("Fund") under Section 4203(b)(2) of the Multiemployer Pension Plan Amendments Act, 29 U.S.C. §1381(b)(2).

3. The Trustees filed a two-count Counterclaim. Count I alleges that US Rebar and NY Install are alter egos and Count II alleges that Charles Doherty is an "employer" that can be held personally responsible for the subject withdrawal liability based on his "total operational control over US Rebar and its alter-ego NY Installation in a fraudulent, criminal, and otherwise illegal manner, all as part of his continuing efforts to defraud the Plan." Counterclaim, ¶92.

4. US Rebar, NY Install, and Doherty filed a Reply to the Counterclaim which, among other things, alleged that the Trustees' claim against Doherty was barred as a matter of law and by a March 10, 2006 Settlement Agreement and Release the Court approved in litigation previously pending in the United States District Court for the Eastern District of New York captioned *Local 46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust, et al v. United States Rebar, Inc.,* No. CV-05-2356.

5.   The Settlement Agreement states in pertinent part as follows:

   1B.   Upon satisfaction of the terms, as provided herein, of this stipulation and the completing of all payments, the Funds shall provide United States Rebar, Inc. and <u>Charles Doherty</u> a general release in the form attached hereto. Likewise, United States Rebar, Inc. and Charles S. Doherty shall provide to the Funds a general release in the form attached hereto.

   1C.   So long as the payments as provided by the terms hereunder, are current, <u>the Funds will take no action against Unites States Rebar, Inc. and Charles S. Doherty for any matters previous to June 30, 2005</u> and United States Rebar, Inc. will take no action against the Funds for any matters previous to June 30, 2005. (Emphasis added.)

Declaration of David J. Laurent, Appendix Exhibit 1.[1]

6.   The Release states in pertinent part that upon the payment of certain funds, all of which have been paid, the Fund (the Releasors):

   releases and discharges CHARLES DOHERTY and UNITED STATES REBAR, INC., the RELEASES, RELEASEES' heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEES, the RELEASORS, RELEASORS' heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE. For all those matters up to and including June 30, 2005.

Appendix, Exhibit 2.

7.   As set forth more fully in the Memorandum of Law being filed herewith and based on the Statement of Material Facts and Appendix that are being filed herewith, there are no disputed issues of material fact and Doherty is entitled to judgment as a matter of law on Count II of the Trustees Counterclaim because (a) courts across the country uniformly hold that a corporate shareholder or officer cannot be held responsible for withdrawal liability as an "employer;" (b) all of the conduct that supports (or could support) the Trustees' allegations in

---

[1] Hereinafter, documents attached to the Declaration of David J. Laurent will be identified as "Appendix, Exhibit ___."

Count II of the Counterclaim against Doherty occurred on or before June 30, 2005 and, therefore, the Settlement Agreement and the Release bar the Trustees asserting that claim; and (c) even if a controlling corporate shareholder or officer could be an "employer" for purposes of withdrawal liability, a predicate to proving such a claim is showing that Doherty somehow defrauded the Trustees after June 30, 2005, and the record is devoid of evidence showing that Doherty made false representations to the Trustees on which they relied to their detriment. [2]

WHEREFORE, Doherty requests that partial summary judgment be granted in his favor and against the Trustees with respect to Count II of the Counterclaim.

DATED:  August 20, 2008

BUCHANAN INGERSOLL & ROONEY PC


_____/s/_____
Ryan P. Farley (RF-6984)
New York Times Building
620 8th Avenue, 23rd Floor
New York, NY 10018
Phone:  212-440-4492
Fax:  212-440-4401
E-mail:  ryan.farley@bipc.com

---

[2]  The Release states that it releases Doherty from all claims "whatsoever from the beginning of the world to the day of the date of this RELEASE [July 29, 2008]. For all those matters up to and including June 30, 2005." Thus, on its face, the Release purports to release Doherty for all matters up through July 29, 2008, the day the Trustees signed the Release. Nonetheless, the Trustees may argue that the Release only applies to matters up through June 30, 2005. However, this is not a material dispute of fact or law because Court II should be dismissed even if the Trustees' interpretation prevails. Therefore, for purposes of Doherty's motion for partial summary judgment, and without waiving any arguments, Doherty will assume that the Release applies only to matters up through June 30, 2005.

- 5 -

OF COUNSEL:

Robert S. Hawkins
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
Phone:  215-665-5310
Fax:  215-665-8760
E-mail:  robert.hawkins@bipc.com
David J. Laurent
George Basara
BUCHANAN INGERSOLL & ROONEY PC
20th Floor, One Oxford Centre
Pittsburgh, PA 15219-1410
Phone (412) 562-1857
Fax (412) 562-1041
E-Mail:  david.laurent@bipc.com