# APPENDIX

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
NEW YORK REBAR INSTALLATION, INC. and :
UNITED STATES REBAR, INC., :
: Docket No. 07-CIV-7607 (CM)
Plaintiffs, :
:
- against - :
: **ANSWER, AFFIRMATIVE**
ROBERT LEDWITH, TERRENCE MOORE, FRED : **DEFENSES, AND**
LEMOINE, KEVIN KELLY, ALFRED G. GEROSA, : **COUNTERCLAIMS**
KEVIN O'BRIEN, JOHN BRUNETTI, and DENNIS :
ULVERSOY, as TRUSTEES of the LOCAL #46 :
METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
:
Defendants. :
------------------------------------------------------------- :
:
ROBERT LEDWITH, TERRENCE MOORE, FRED :
LEMOINE, KEVIN KELLY, ALFRED G. GEROSA, :
KEVIN O'BRIEN, JOHN BRUNETTI, and DENNIS :
ULVERSOY, as TRUSTEES of the LOCAL #46 :
METALLIC LATHERS UNION AND :
REINFORCING IRON WORKERS PENSION :
FUND, :
:
Counterclaim Plaintiffs, :
:
- against - :
:
NEW YORK REBAR INSTALLATION, INC., :
UNITED STATES REBAR, INC., and CHARLES :
DOHERTY, :
:
Counterclaim Defendants. :
:
------------------------------------------------------------- x

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs, Robert Ledwith, Terrence Moore, Fred LeMoine, Kevin Kelly, Alfred G. Gerosa, Kevin O'Brien, John Brunetti, and Dennis Ulversoy, as Trustees (the "Trustees") of the Local #46 Metallic Lathers Union and Reinforcing Iron Workers ("the Union") Pension Fund (the "Plan"), hereby answer the Complaint of New York Rebar Installation, Inc. ("NY Installation") and United States Rebar, Inc. ("US Rebar"), on personal knowledge with respect to their own acts and upon information and belief with respect to all others, and assert the Affirmative Defenses and Counterclaims set forth herein as follows:

### Introduction

1. Deny that NY Installation or US Rebar has any colorable claims for declaratory judgment as alleged in Paragraph 1 of the Complaint, except admit that Plaintiffs purport to bring the claims described in Paragraph 1.

2. Deny that NY Installation or US Rebar has any colorable claims for injunctive relief as alleged in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to bring the claims described in Paragraph 2.

3. Deny that NY Installation or US Rebar has colorable claims for costs and expenses against the Trustees as alleged in Paragraph 3 of the Complaint, except admit that Plaintiffs purport to bring the claims described in Paragraph 3.

### Jurisdiction And Venue

3. Deny the allegations set forth in Paragraph 3 of the Complaint.[1]

4. Admit that venue is proper in this Court.

---

[1] The Complaint has two paragraphs numbered "3" and no paragraph numbered "7." For ease of reference, Defendants have retained the same numbering sequence as in the Complaint.

2

## Parties

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint.

6. Admit the allegations set forth in Paragraph 6 of the Complaint.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Defendants Robert Ledwith, Terrence Moore, Fred LeMoine, and Kevin Kelly are currently trustees of the Plan.

9. Deny the allegations set forth in Paragraph 9 of the Complaint, except admit that Alfred G. Gerosa is currently a trustee of the Plan.

10. Deny the allegations set forth in Paragraph 10 of the Complaint, except admit that Kevin O'Brien is currently a trustee of the Plan.

11. Deny the allegations set forth in Paragraph 11 of the Complaint, except admit that John Brunetti is currently a trustee of the Plan.

12. Deny the allegations set forth in Paragraph 12 of the Complaint, except admit that Dennis Ulversoy is currently a trustee of the Plan.

## Background

13. Deny the allegations set forth in Paragraph 13 of the Complaint, except admit that US Rebar was signatory to various collective bargaining agreements ("CBA") with the Union, that US Rebar purported to permanently cease operations covered under its last CBA with the Union on or about January 18, 2005, and that US Rebar purported to terminate the CBA effective June 30, 2005.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

3

15. Admit the existence of the January 11, 2007 letter. Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the January 11, 2007 letter for its true and accurate contents.

16. The allegations set forth in Paragraph 16 of the Complaint call for legal conclusions for which no response is required. To the extent that Paragraph 16 does not call for legal conclusions, the Trustees deny the allegations contained therein and respectfully refer the Court to the text of the relevant statutes and regulations for their true and accurate content.

17. The allegations set forth in Paragraph 17 of the Complaint call for legal conclusions for which no response is required. To the extent that Paragraph 17 does not call for legal conclusions, the Trustees deny the allegations contained therein and respectfully refer the Court to the text of the relevant statutes and regulations for their true and accurate content.

18. Deny the allegations set forth in Paragraph 18 of the Complaint, except admit the existence of the February 2, 2007 letter. Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the February 2, 2007 letter for its true and accurate contents.

19. Deny the allegations set forth in Paragraph 19 of the Complaint, except admit the existence of the Declaration from Charles Doherty. Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the Declaration from Charles Doherty for its true and accurate contents.

20. Admit the existence of the March 13, 2007 letter. Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the March 13, 2007 letter for its true and accurate contents.

21. Deny the allegations set forth in Paragraph 21 of the Complaint, except admit the existence of the March 19, 2007 letter. Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the March 19, 2007 letter for its true and accurate contents.

22. Admit the existence of the March 21, 2007 letter. Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the March 21, 2007 letter for its true and accurate contents.

23. Deny the allegations set forth in Paragraph 23 of the Complaint, except admit the existence of the April 5, 2007 letter and the Declaration from Charles Doherty. Since these documents speak for themselves, no further response is required and the Trustees respectfully refer the Court to the April 5, 2007 letter and the Declaration from Charles Doherty for their true and accurate contents.

24. Admit the existence of the August 1, 2007 letter. Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the August 1, 2007 letter for its true and accurate contents.

25. Admit the existence of the August 1, 2007 letter.[2] Since this document speaks for itself, no further response is required and the Trustees respectfully refer the Court to the August 1, 2007 letter for its true and accurate contents.

26. The Trustees respectfully refer the Court to the Defendants' Answer, Affirmative Defenses, and Counterclaims in response to the allegations set forth in Paragraph 26.

---

[2] Paragraph 25 of the Complaint erroneously refers to "the Trustees' August 1, 2005" letter. It is assumed, for the purposes of this Answer, that Plaintiffs are not referring to correspondence from 2005, but rather to the same August 1, 2007 letter referred to in Paragraph 24 of the Complaint.

**Count I**

27.	The Trustees repeat and reallege each of their responses set forth in Paragraphs 1-26 above as if fully set forth herein.

28.	Deny the allegations set forth in Paragraph 28 of the Complaint, except admit that, as of June 30, 2005, US Rebar was an "employer" for purposes of Section 4203(b)(2) of MPPAA, 29 U.S.C. § 1383(b)(2), and that there existed a "controlled group," as that term is used in Section 4001 (b)(1) of MPPAA, 29 U.S.C.§ 1301(b)(1).

29.	Deny the allegations set forth in Paragraph 29 of the Complaint.

30.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.	Deny the allegations set forth in Paragraph 31 of the Complaint.

32.	Deny the allegations set forth in Paragraph 32 of the Complaint.

33.	Deny the allegations set forth in Paragraph 33 of the Complaint.

**Count II**

34.	The Trustees repeat and reallege each of their responses set forth in Paragraphs 1-33 above as if fully set forth herein.

35.	The allegations set forth in Paragraph 35 of the Complaint call for legal conclusions for which no response is required. To the extent that Paragraph 35 does not call for legal conclusions, the Trustees deny the allegations contained therein and respectfully refer the Court to the text of the relevant statutes and regulations for their true and accurate contents.

36.	The allegations set forth in Paragraph 36 of the Complaint call for legal conclusions for which no response is required. To the extent that Paragraph 36 does not call for legal conclusions, the Trustees deny the allegations contained therein and respectfully refer the Court to the text of the relevant statutes and regulations for their true and accurate contents.

37. The allegations set forth in Paragraph 37 of the Complaint call for legal conclusions for which no response is required. To the extent that Paragraph 37 does not call for legal conclusions, the Trustees deny the allegations contained therein and respectfully refer the Court to the text of the relevant statutes and regulations for their true and accurate contents.

38. The allegations set forth in Paragraph 38 of the Complaint call for legal conclusions for which no response is required. To the extent that Paragraph 38 does not call for legal conclusions, the Trustees deny the allegations contained therein and respectfully refer the Court to the text of the relevant statutes and regulations for their true and accurate contents.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

### Response To Prayer For Relief

40. The Trustees deny that NY Installation or US Rebar is entitled to any of the relief requested in the Complaint or to any other relief.

### FIRST AFFIRMATIVE DEFENSE

41. The Court lacks subject-matter jurisdiction to hear the causes of action alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

42. The Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

43. Arbitration of the causes of action alleged in the Complaint is mandatory under ERISA, 29 U.S.C. § 1401(a).

### FOURTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred by the doctrine of unclean hands.

## COUNTERCLAIMS

### Introduction

45. The Trustees, on behalf of the Plan, hereby assert these Counterclaims, on personal knowledge with respect to their own acts and upon information and belief with respect to all others, for: (i) a declaratory judgment that Counterclaim Defendant NY Installation is the alter-ego of Counterclaim Defendant US Rebar, is therefore, together with US Rebar, an "employer" within the meaning of Section 4201(a) of ERISA, 29 U.S.C. § 1381(a) and, as such, is jointly and severally liable with US Rebar for withdrawal liability; and (ii) a declaratory judgment that, in addition to US Rebar, Counterclaim Defendant Doherty is also an "employer" within the meaning of Section 4201(a) of ERISA, 29 U.S.C. §1381(a) and, as such, is jointly and severally liable with US Rebar and NY Installation for withdrawal liability.

### Jurisdiction And Venue

46. Jurisdiction is conferred on this Court by ERISA Sections 502(a)(3), 502(e)(1), 502(f) and 4301(c), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1451(c), and by 28 U.S.C. § 1331.

47. Venue is proper in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Plan is administered in the Southern District of New York, at 260 East 78th Street, New York, New York 10021-2095.[3]

---

[3] Pursuant to Section 4301(g) of ERISA, 29 U.S.C. § 1451(g), Counterclaim Plaintiffs will serve the Pension Benefits Guaranty Corporation ("PBGC") with a copy of this pleading, simultaneously with service on the Counterclaim Defendants.