March 21, 2007
Page 2

Debt Recovery Group, LLC
332 North Main Street, Freeport, NY 11520

It is the position of the Metal Lathers Local 46 Pension Fund that all of the above entities are related to and controlled by United States Rebar and its principal. United States Rebar and one or more of the above entities, all of which we believe are part of a controlled group of concerns with a principal owner, performed work on the following job sites in the year 2006 in New York City:

> 194 or 200 Allen Street
> 517 West 46th Street
> 128 West 29th Street
> 450 West 236th Street
> 3620 Oxford Avenue, Riverdale
> 13th & 14th Streets between Avenue "A" and 1st Ave.
> 165 West 18th Street

On all of the above jobs one or more of the concerns controlled by Charles Doherty performed work of the kind previously performed by United States Rebar under its collective bargaining agreement with Local 46.

I might point out that other concerns were under Mr. Doherty's control and were used to perform such work. Such concerns are known as:

> Merit Rebar
> Rebar Management Solutions
> New York Rebar
> New York Chair and Accessory
> Joseph Kelly Construction Corp.

It is the position of the Metal Lathers Local 46 Pension Fund that United States Rebar Inc. was one of a series of corporations formed and controlled by Charles Doherty. All of these corporations are related and constitute the controlled group which has performed work leading to the imposition of withdrawal liability upon United States Rebar Inc. and its allied and affiliated concerns.

NYR_000029

March 21, 2007
Page 3


      I trust the above comments set forth the position of the Pension Fund. If you have any questions about my comments, please do not hesitate to let me know.

                         Very truly yours,


                         **RICHARD H. MARKOWITZ**

RHM/kb

NYR_000030

215-875-3111

April 11, 2007

James. J. Sullivan, Jr., Esquire
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1054

*Our File No.: P01-46-02*

Re:   **United States Rebar, Inc.**
      **Withdrawal Liability**

Dear Mr. Sullivan:

I have your communication of April 5, 2007 and must express my disagreement with your conclusions. It is my understanding from your communications that, at the time U.S. Rebar ceased making contributions to the Metal Lathers Local 46 Pension Fund, that concern was owned fifty (50%) percent by the Estate of James Wilson and fifty (50%) percent by Charles Doherty. Your communication of April 5, 2007 and the Supplemental Declaration of Charles Doherty indicates that a concern known as Rebar Installation is owned by Mr. Doherty. Mr. Doherty's Supplemental Declaration admits that Rebar Installation performed the installation of rebar at the job sites referred to in my letter to you of March 21, 2007.

The work performed by Rebar Installation on the job sites referred to in my letter to you of March 21, 2007 is exactly the same work as was performed by United States Rebar prior to its secession of contributions to the Metal Lathers Local 46 Pension Fund. The work performed by Rebar Installations is exactly the work covered by the Union's collective bargaining agreement with United States Rebar and is exactly the same work performed by United States Rebar. The fact that United States Rebar may have had contracts only with public entities or that Rebar Installation has worked only for private parties is totally irrelevant since the work performed by Rebar Installations is exactly the work covered by the Union's collective bargaining agreement

James. J. Sullivan, Jr., Esquire
April 11, 2007
Page 2

and is the same or similar work performed by U.S. Rebar under the jurisdiction of its then collective bargaining agreement with Metal Lathers Local 46.

Therefore, Metal Lathers Pension Fund does not agree that it in any way improperly assessed withdrawal liability against U.S. Rebar. The work performed by Rebar Installation, owned by Mr. Doherty, is exactly the same work as was performed by U.S. Rebar under the Union's collective bargaining agreement and for which contributions were made by U.S. Rebar to the Metal Lathers Local 46 Pension Fund.

However, the Trustees of the Metal Lathers Local 46 Pension Fund will further review this situation. The Trustees will agree to stay the date for making interim withdrawal liabilities and to stay the date for requesting arbitration for a period of one month, until May 14, 2007. We will consider the situation in greater detail and communicate with you before that date.

Very truly yours,


**RICHARD H. MARKOWITZ**

RHM/kb

LAW OFFICES
# MARKOWITZ & RICHMAN
1100 NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA 19107

(215) 875-3100
TELECOPIER (215) 790-0668
WWW.MARKOWITZANDRICHMAN.COM

DIRECT DIAL

215-875-3111

RICHARD H. MARKOWITZ *
STEPHEN C. RICHMAN *
PAULA R. MARKOWITZ
QUINTES D. TAGLIOLI
JONATHAN WALTERS ++
ANTHONY C. BUSILLO II
THOMAS H. KOHN ***
RUTH SKOGLUND
R. MATTHEW PETTIGREW, JR. **
PETER H. DEMKOVITZ +
MATTHEW D. AREMAN +

* ALSO ADMITTED IN NEW YORK AND DISTRICT OF COLUMBIA
+ ALSO ADMITTED IN NEW JERSEY
++ ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN NEW JERSEY AND NEW YORK
*** ALSO ADMITTED IN VIRGINIA AND DISTRICT OF COLUMBIA

ALLENTOWN OFFICE
SUITE 200 COMMONWEALTH BLDG.
512 HAMILTON STREET
ALLENTOWN, PA 18101-1505
(610) 820-9531

NEW JERSEY OFFICE
24 WILKINS AVENUE
HADDONFIELD, NJ 08033
(856) 616-2930

NEW YORK OFFICE
880 THIRD AVENUE
NINTH FLOOR
NEW YORK, NY 10022
(212) 752-6761

HARRISBURG OFFICE
27 SOUTH ARLENE STREET
P.O. BOX 6865
HARRISBURG, PA 17112-6865
(717) 541-9475

RECEIVED
AUG 8 - REC'D

August 1, 2007

<u>Via Certified Mail No. 7099 3220 0003 6409 1832</u>
James J. Sullivan, Jr., Esquire
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1054

*Our File No.: P01-46-02*

Re: United States Rebar, Inc. and Metal Lathers Local 46 Pension Plan Withdrawal Liability

Dear Mr. Sullivan:

The Trustees of the Metal Lathers Local 46 Pension Fund have carefully reconsidered the assessment of withdrawal liability upon United States Rebar, Inc. originally made in my letter of January 11, 2007 to that concern. The Trustees have conducted an independent investigation and have also reviewed your various communications on this subject and the Declarations of Charles Doherty which you have attached to your communications.

After reviewing all of these communications and Declarations and after considering the results of their own investigation, the Trustees of the Metal Lathers Local 46 Pension Fund have determined that withdrawal liability is due and owing from United States Rebar and/or its principal officer and/or its affiliated and commonly controlled companies. Therefore, the Trustees reiterate their assessment of withdrawal liability against United States Rebar, Inc. and its affiliated or commonly controlled concerns under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 (MEPPAA). The Trustees have determined that United States Rebar, Inc. instituted a complete withdrawal from a multi-employer pension plan and, through its principal, continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required under the collective bargaining agreement between Metallic Lathers Local 46 and United States Rebar, Inc.

NYR_000040

James. J. Sullivan, Jr., Esquire
August 1, 2007
Page 2

As you have previously been advised, the withdrawal liability of United States Rebar, Inc. is $3,408,247.00. This amount is determined based upon United States Rebar's pro rata share of total contributions to the Plan during the ten (10) years ending on December 31, 2004. I have previously forwarded to you a copy of the actuarial calculations reaching this conclusion. The liability of United States Rebar, Inc. may be satisfied by monthly payments for twenty-seven (27) consecutive months in the amount of $132,043.82 plus a final payment of $31,609.00.

This communication constitutes the final decision of the Metal Lathers Local 46 Pension Fund on U.S. Rebar's request for reconsideration pursuant to the agreement to extend the time for such reconsideration set forth in your communication to me of April 13, 2007 and my communication to you of April 18, 2007. It is the position of Metal Lathers Local 46 Pension Fund that the time constraints set forth in ERISA, as amended by MEPPAA, shall begin as of the date of this communication. Accordingly, the due date of the first payment is sixty (60) days from the date of your receipt of this communication.

Very truly yours,

RICHARD H. MARKOWITZ

RHM/kb