issued to the bogus vendors. The scheme's purpose was to pay US Rebar's workers in cash in order to evade its CBA-mandated benefit contributions and other payments to Plaintiffs.

66. By direct and proximate reason of Doherty's and US Rebar's racketeering, Plaintiffs' business and property were injured in an amount to be determined at trial, but believed to be in excess of $5 million, to be trebled pursuant to 18 U.S.C. § 1964(c).

### Third Cause of Action

**Against Defendants Doherty and US Rebar for Racketeering
Conspiracy in Violation of 18 U.S.C. § 1962(d)**

67. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 66 above as if fully set forth herein.

68. From in or about the mid-1990s and continuing through the present, Defendants Doherty and US Rebar, together with others known and unknown, being employed by and associated with the enterprise described in Paragraphs 57-59, *supra,* unlawfully conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity," as defined in 18 U.S.C. § 1961(5).

69. The pattern of racketeering activity through which defendants Doherty and US Rebar agreed to conduct the enterprise's affairs included, without limitation, the racketeering acts described in Paragraphs 61-65, *supra,* which are realleged and incorporated herein by reference.

70. Defendants Doherty and US Rebar each agreed that a conspirator would commit at least two of these racketeering acts in the conduct of the enterprise's affairs.

71. By direct and proximate reason of Doherty's and US Rebar's racketeering conspiracy, the Plaintiffs' business and property were injured in an amount to be determined at trial, but believed to be in excess of $5 million, to be trebled pursuant to 18 U.S.C. § 1964(c).

### Fourth Cause of Action

### Against US Rebar for Delinquent Contributions under ERISA Section 515

72. Plaintiff Plans repeat and reallege each and every allegation set forth in Paragraphs 1 through 71 above as if fully set forth herein.

73. At all times relevant herein, US Rebar was an employer who was obligated to make contributions to the Plans under the terms of the CBA.

74. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to make contributions to multiemployer benefit plans in accordance with the terms and conditions of collective bargaining agreements.

75. At all times relevant herein, US Rebar failed to make contributions to the Plans, as required under ERISA Section 515.

76. Under ERISA Section 502, 29 U.S.C. § 1132(g), upon a finding in favor of a plan in an action to enforce ERISA Section 502, the Court shall award to the plan all unpaid contributions to the plan, the greater of interest on the unpaid contributions or liquidated damages as provided for under the plan (subject to statutory limitations set forth at 29 U.S.C. § 1132(g)(2)(C)(ii)), reasonable attorneys' fees and costs, plus such other legal or equitable relief as the court deems appropriate.

77. Accordingly, Defendant US Rebar is liable to the Plans for the full amount of all unpaid contributions to the Plans, plus the greater of interest on the unpaid contributions or liquidated damages as provided for under the Plans (subject to statutory limitations set forth at 29

U.S.C. § 1132(g)(2)(C)(ii)), reasonable attorneys' fees and costs, and such other legal or equitable relief as the Court deems appropriate.

### Fifth Cause of Action

### Against Doherty for Delinquent Contributions under ERISA Section 515

78. Plaintiff Plans repeat and reallege each and every allegation set forth in Paragraphs 1 through 77 above as if fully set forth herein.

79. At all times relevant herein, US Rebar was an employer who is obligated to make contributions to the Plan in accordance with the terms and conditions of the CBA.

80. Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is required to make contributions to a multiemployer benefit plan to make such contributions in accordance with the terms and conditions of collective bargaining agreements.

81. At all times relevant herein, US Rebar failed to make contributions to the Plans, as required under ERISA Section 515.

82. Under ERISA Section 502, 29 U.S.C. § 1132(g), upon a finding in favor of a plan in an action to enforce ERISA Section 502, the Court shall award to the plan all unpaid contributions to the plan, the greater of interest on the unpaid contributions or liquidated damages as provided for under the plan (subject to statutory limitations set forth at 29 U.S.C. § 1132(g)(2)(C)(ii)), reasonable attorneys' fees and costs, plus such other legal or equitable relief as the court deems appropriate.

83. At all times relevant herein, Doherty was a corporate officer of and exercised operational control over US Rebar.

84. At all times relevant herein, Doherty was engaged in a criminal scheme and conspiracy to defraud the Plans.

85.     At all times relevant herein, Doherty was directly responsible for US Rebar's failure to make contributions to the Plans in accordance with the terms and conditions of the applicable CBA.

86.     Accordingly, Doherty was the alter-ego of US Rebar and an "employer" who was required to make contributions to the Plans within the meaning of Section 515 of ERISA, and is jointly and severally liable to the Plans, together with US Rebar, for the full amount of all unpaid contributions to the Plans, plus the greater of interest on the unpaid contributions or liquidated damages as provided for under the Plans (subject to statutory limitations set forth at 29 U.S.C. § 1132(g)(2)(C)(ii)), reasonable attorneys' fees and costs, and such other legal or equitable relief as the Court deems appropriate.

### Sixth Cause of Action

### Against John Does 1-10 for Delinquent Contributions under ERISA Section 515

87.     Plaintiff Plans repeat and reallege each and every allegation set forth in Paragraphs 1 through 86 above as if fully set forth herein.

88.     At all times relevant herein, US Rebar was an employer who is obligated to make contributions to the Plan in accordance with the terms and conditions of the CBA.

89.     Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to make contributions to multiemployer benefit plans in accordance with the terms and conditions of collective bargaining agreements.

90.     At all times relevant herein, US Rebar failed to make contributions to the Plans, as required under ERISA Section 515.

91.     Under ERISA Section 502, 29 U.S.C. § 1132(g), upon a finding in favor of a plan in an action to enforce ERISA Section 502, the Court shall award to the plan all unpaid

19

contributions to the plan, the greater of interest on the unpaid contributions or liquidated damages as provided for under the plan (subject to statutory limitations set forth at 29 U.S.C. § 1132(g)(2)(C)(ii)), reasonable attorneys' fees and costs, plus such other legal or equitable relief as the court deems appropriate.

92. At all times relevant herein, John Does 1-10 were business entities and/or individuals who are jointly and severally liable, together with Doherty and US Rebar, for the delinquent contributions under ERISA and other applicable laws and regulations.

93. Accordingly, John Does 1-10 are each jointly and severally liable to the Plans, together with US Rebar, for the full amount of all unpaid contributions to the Plans, plus the greater of interest on the unpaid contributions or liquidated damages as provided for under the Plans (subject to statutory limitations set forth at 29 U.S.C. § 1132(g)(2)(C)(ii)), reasonable attorneys' fees and costs, and such other legal or equitable relief as the Court deems appropriate.

## Seventh Cause of Action
### Against US Rebar and Doherty for Breach of Contract

94. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 93 above as if fully set forth herein.

95. At all times relevant herein, pursuant to the terms and conditions of the CBA, Defendants US Rebar and Doherty were required to make benefit contributions and other payments to the Plaintiffs in proportion to the wages US Rebar paid to its Union employees.

96. As a result of these obligations, during the period 1994 through in or about June 30, 2005, US Rebar and Doherty were contractually obligated to make benefit contributions and other payments to Plaintiffs in proportion to the wages US Rebar paid to its Union employees. Neither US Rebar nor Doherty has paid these benefit contributions or other monies to the Plaintiffs, as required under the CBA.

97. Accordingly, Plaintiffs have been damaged in an amount to be determined at trial, but believed to be in excess of $5 million.

## Eighth Cause of Action

### Against US Rebar and Doherty for Fraud

98. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 97 above as if fully set forth herein.

99. At all times relevant herein, Defendants Doherty and US Rebar made materially false representations and omissions of fact, in that Doherty prepared, or caused to be prepared, and sent, or caused to be sent, to Plaintiffs, the Weekly Reports, each of which falsely reported the number of hours worked by Union employees for which benefit contributions and other monies were due and owing to Plaintiffs.

100. At all times relevant herein, Defendant Doherty was aware that the Weekly Reports that he prepared, or caused to be prepared, and sent, or caused to be sent, to Plaintiffs were materially false and misleading. Moreover, Doherty intended to defraud Plaintiffs by means of such false and misleading Weekly Reports.

101. At all times relevant herein, Plaintiffs reasonably relied to their detriment on the false and misleading Weekly Reports, and suffered damages as a direct and proximate result thereof.

102. Accordingly, Plaintiffs have been damaged in an amount to be determined at trial, but believed to be in excess of $5 million.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and an order:

(a) on the First Cause of Action against US Rebar and Doherty for fraudulently inducing Plaintiffs to enter into the Settlement Agreement, awarding damages in an amount to be determined at trial, but believed to be in excess of $15 million, plus attorneys' fees and costs;

(b) on the Second Cause of Action against Defendants Doherty and US Rebar for Racketeering in violation of 18 U.S.C. § 1962(c), awarding damages in an amount to be determined at trial, but believed to be in excess of $5 million, to be trebled pursuant to 18 U.S.C. § 1964(c), plus attorneys fees and costs;

(c) on the Third Cause of Action against Defendants Doherty and US Rebar for Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), awarding damages in an amount to be determined at trial, but believed to be in excess of $5 million, to be trebled pursuant to 18 U.S.C. § 1964(c), plus attorneys' fees and costs;

(d) on the Fourth Cause of Action against US Rebar for delinquent contributions under ERISA, awarding damages in the amount of unpaid benefit contributions to be determined at trial, but believed to be in excess of $5 million, interest on such unpaid contributions, reasonable attorneys' fees and costs, and such other legal or equitable relief as the Court deems appropriate, in accordance with 29 U.S.C. § 1132(g);

(e) on the Fifth Cause of Action against Doherty for delinquent contributions under ERISA, awarding damages in the amount of unpaid benefit contributions to be determined at trial, but believed to be in excess of $5 million, interest on such unpaid contributions, reasonable attorneys' fees and costs, and such other legal or equitable relief as the Court deems appropriate, in accordance with 29 U.S.C. § 1132(g);

(f) on the Sixth Cause of Action against John Does 1-10 for delinquent contributions under ERISA, awarding damages in the amount of unpaid benefit contributions to be determined at trial, but believed to be in excess of $5 million, interest on such unpaid contributions, reasonable attorneys' fees and costs, and such other legal or equitable relief as the Court deems appropriate, in accordance with 29 U.S.C. § 1132(g);

(g) on the Seventh Cause of Action against US Rebar and Doherty for breach of contract, damages in an amount to be determined at trial, but believed to be in excess of $5 million, plus attorneys' fees and costs;

(h) on the Eighth Cause of Action against US Rebar and Doherty for fraud, damages in an amount to be determined at trial but believed to be in excess of $5 million, plus attorneys' fees and costs; and