APPENDIX

EXHIBIT 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT LEDWITH and ALFRED G. GEROSA as
TRUSTEES of the LCOAL #46 METALLIC
LATHERS UNION AND REINFORCING IRON
WORKERS WELFARE TRUST, ANNUITY FUND,
PENSION FUND, APPRENTICESHIP FUND,
VACATION FUND, SCHOLARSHIP FUND and
OTHER FUNDS,

                -and-

ROBERT LEDWITH, as Business Manager of the
LOCAL #46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS and as Trustee of
The LOCAL #46 METALLIC LATHERS AND
REFINFORCING IRON WORKERS POLITICAL
ACTION FUNDS,

                Plaintiffs,

                -against-

CHARLES DOHERTY, UNITED STATES REBAR,
INC. and JOHN DOES 1-10.

                Defendants.
-----------------------------------------------------------------X

Docket No. CV 07-4237

AFFIRMATION

Judge
Mag.

      MICHAEL M. RABINOWITZ, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following to be true under penalties of perjury.

1. Your Affirmant is a member of the law firm of Rabinowitz and Galina, Esqs. We were the attorneys of record for the Defendant, United States Rebar, Inc. in a certain matter entitled Local #46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust, et al. v. United States Rebar, Inc.

which was pending in the Eastern District of New York under Civil Action No. CV-05-2356.

2. This case was ultimately settled by a Settlement Agreement dated on or about March 10, 2006 between the parties hereto. A copy of this Settlement Agreement is appended to this Affirmation. Exhibit A.

3. There is no issue herein that the attorneys for the Funds were well aware that Charles Doherty was facing criminal issues during the pendancy of the prior action. Indeed, counsel for the Funds stated to your Affirmant in no uncertain terms that the Funds knew of Mr. Doherty's pending criminal matter

4. A conference was held in this matter or another matter before a Magistrate Judge. Prior to the conference Mr. Kaming, counsel for the Funds and your Affirmant were discussing the underlying matter. At that time Mr. Kaming told me that the Funds were aware that Mr. Doherty had a pending criminal matter and they knew that he was in the process of resolving same. Specifically, Mr. Kaming stated to me at this conference that the Funds knew that Doherty was convicted of money laundering. In subsequent settlement discussions Mr. Kaming told your Affirmant that the Funds were contemplating other legal action against U.S. Rebar and Mr. Doherty that might include a civil RICO case. Mr. Kaming inquired if I knew of the disposition of the criminal case. I did not know the outcome at that time. In fact, I did not even know of the criminal case until Kaming told me of same in Court.

5. Your Affirmant advised Mr. Doherty of these facts after the conference. I met with Doherty a day or two later and he told me, in a general fashion, of the criminal matter.

6. Shortly after the conference the parties herein entered into settlement discussions.

7. Mr. Kaming forwarded a draft of the proposed Settlement Agreement on February 10, 2006 to your Affirmant for review. Exhibit "B".

8. The initial Settlement Agreement was unacceptable inasmuch as it did not provide for a release once all required payments were made. Indeed, Mr. Kaming and the Funds insisted that Mr. Doherty personally agree to make all required payments agreed upon since the Funds believed that U.S. Rebar would never make the payments.

9. In view of the fact that Mr. Doherty was to be personally liable, and in view of the fact that the Funds desired in the first draft to retain all rights to sue Doherty and U.S. Rebar for other monies relating to the within matter, we demanded that the Plaintiffs provide the Defendants with a general release once all payments were made. This request was made by your Affirmant to Mr. Kaming both orally and in writing dated February 27, 2006. See Exhibit "C". We discussed this matter and I told Mr.Kaming that the Release was required since Mr. Doherty did not ever want the Funds to be able to sue him again for any other matter.

10. Accordingly, Plaintiffs counsel incorporated these changes into a subsequent draft Settlement Agreement dated March 6, 2006. A copy is appended hereto as Exhibit "C"..

11. Although the March 6, 2006 draft of the Settlement Agreement contained some of the desired provisions, it still was not sufficient.

12. Your Affirmant sent additional proposed changes to Mr. Kaming by fax dated March 9, 2006. A copy of the proposed changes are appended hereto as Exhibit "D". The proposed changes relate to the Release and the fact that tolling provision needed to be included in the Settlement Agreement.

13. Based upon these notes and perhaps a telephone conversation, Mr. Kaming sent another draft of the Settlement Agreement dated March 11, 2006. A copy of same is appended hereto as Exhibit "E".

14. The March 11, 2006 version had the proper language regarding the Release and the tolling period in Paragraphs 1B and 1C respectively.

15. The Agreement at that point was nearly acceptable. On March 13, 2006 I sent the final requested changes to Mr. Kaming. A copy of my March 13, 2006 fax is appended hereto as Exhibit "F".

16. Mr. Kaming accepted the final change requested and forwarded the final Settlement Agreement to our offices. The Agreement was signed and finalized.

17. As set forth above, the settlement discussions herein occurred over several months and consisted of several draft agreements and revisions to same. As part and parcel of the final Settlement Agreement, the Plaintiffs specifically

agreed in Paragraph 1B to provide a General Release to United States Rebar, Inc. and non-party Charles Doherty upon final payment pursuant to the terms of the Settlement Agreement. Further, the Settlement Agreement also specifically contained a tolling provision. It was the clear intention of the parties that Plaintiffs were not to commence any further actions against U.S. Rebar and/or Doherty during the payment period.

18. Again, as set forth above, Local 46 and its attorneys clearly knew that Mr. Doherty was involved in a criminal matter. Mr. Doherty, as part and parcel of the settlement discussions negotiated for and received a General Release since the Funds had indicated a desire to retain the right to sue Mr. Doherty in the future. Mr. Doherty's concerns regarding the potential for future legal actions by the Funds, including a possible Civil Rico action, was part and parcel of the impetus to obtain the release which was negotiated for in the later drafts of the Settlement Agreement.

19. In view of the Funds knowledge of the criminal issues, the Release was specifically negotiated for and agreed upon. Further, the tolling provision was also specifically negotiated for and agreed upon.

Dated: Mineola, New York
December 19, 2007

_____
MICHAEL M. RABINOWITZ

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS WELFARE TRUST,
ANNUITY FUND, PENSION FUND, APPRENTICESHIP
FUND, VACATION FUND, and SCHOLARSHIP FUND
and TONY D'AMICO in his fiduciary capacity
capacity as Director of the LOCAL # 46 METALLIC
LATHERS UNION AND REINFORCING IRON WORKERS
WELFARE TRUST, ANNUITY FUND, PENSION FUND,
APPRENTICESHIP FUND, VACATION FUND, and
SCHOLARSHIP FUND

Civil Action No.

CV-05-2356 (CBA)

And

ROBERT LEDWITH, as Business Manager of
the LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS and in his
fiduciary capacity as a Trustee of the
POLITICAL ACTION FUND and IRON WORKERS
POLITICAL EDUCATION FUND

Plaintiffs

-against-

UNITED STATES REBAR, INC.

Defendant.

------------------------------------------------------------X

### SETTLEMENT AGREEMENT
UNITED STATES REBAR, INC. and CHARLES S. DOHERTY and LOCAL #46
METALLIC LATHERS UNION AND REINFORCING IRON WORKERS
WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP
FUND, VACATION FUND, SCHOLARSHIP FUND AND OTHER FUNDS

IT IS HEREBY AGREED by and between the undersigned parties to this agreement as follows:

1. UNITED STATES REBAR, INC. acknowledges the following indebtedness to the Local # 46 Metallic Lathers Union And Reinforcing Ironworkers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Scholarship Fund and Other Funds (referred to as "the Funds" )[These are all the funds

1

for which payment is made pursuant to the collective bargaining agreement and which are referred to in captioned actions as LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, and SCHOLARSHIP FUND and TONY D'AMICO in his fiduciary capacity as Director of the LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, and SCHOLARSHIP FUND and OTHER FUNDS, ROBERT LEDWITH, as Business Manager of the LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS and in his fiduciary capacity as a Trustee of the POLITICAL ACTION FUND and IRON WORKERS POLITICAL EDUCATION FUND] for the period July 1, 2001 through June 30, 2005.

1A. Upon satisfaction of the terms of this stipulation, UNITED STATES REBAR, INC. and signatory, Charles S. Doherty shall have fulfilled their obligations to the Funds for this period and shall be considered fully released as per the schedule in paragraph 3. If the terms of this agreement are not satisfied, the Funds shall have the right to enter judgment for the amounts remaining owing under this agreement against UNITED STATES REBAR, INC. and signatory, Charles S. Doherty, jointly or separately. It is stipulated that the caption hereunder is amended to name Charles S. Doherty as a party defendant with the same causes of actions against Charles S. Doherty personally as against United States Rebar, Inc.

1B. Upon satisfaction of the terms, as provided herein, of this stipulation and the completion of all payments, the Funds shall provide United States Rebar, Inc. and Charles S. Doherty a general release in the form attached hereto. Likewise United States Rebar, Inc. and Charles S. Doherty shall provide to the Funds a general release in the form attached hereto.

1C. So long as the payments as provided by the terms hereunder, are current, the Funds will take no action against United States Rebar, Inc. and Charles S. Doherty for any matters previous to June 30, 2005 and United States Rebar, Inc. will take no action against the Funds for any matters previous to June 30, 2005.

2. UNITED STATES REBAR, INC. acknowledges indebtedness to the Funds for the amount of $242,613.09 for the audit period July 1, 2001 through June 30, 2005 and interest at 9% per annum from March 1, 2006 thereafter on all amounts outstanding until fully paid.

3. UNITED STATES REBAR, INC. shall pay this stipulated indebtedness as identified in paragraph 2 to the funds and UNITED STATES REBAR, INC. and signatory Charles S. Doherty shall be released from all obligations to the funds as per the