# DRAFT - 2/9/06

Scholarship Fund and Other Funds (referred to as "the Funds") [These are all the funds for which payment is made pursuant to the collective bargaining agreement and which are referred to in captioned actions as LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND and SCHOLARSHIP FUND and TONY D'AMICO in his fiduciary capacity as Director of the LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND and SCHOLARSHIP FUND and OTHER FUNDS, ROBERT LEDWITH, as Business Manager of the LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS and in his fiduciary capacity as a Trustee of the POLITICAL ACTION FUND and IRON WORKERS POLITICAL EDUCATION FUND] for the period July 1, 2001 through June 30, 2005. Upon the satisfaction of the terms of this stipulation, UNITED STATES REBAR, INC. and signatory, Charles S. Doherty, on behalf of UNITED STATES REBAR, INC. shall have fulfilled their obligations to the Funds for this period as relates to UNITED STATES REBAR, INC. If the terms of this agreement are not satisfied by UNITED STATES REBAR, INC., the Funds shall have the right to enter judgment for the amounts remaining owing under this agreement against UNITED STATES REBAR, INC. and signatory, Charles S. Doherty, on behalf of UNITED STATES REBAR, INC., jointly or separately, and it is stipulated that the caption hereunder is amended to name Charles S. Doherty as a party defendant.

2. UNITED STATES REBAR, INC. acknowledges indebtedness to the Funds for the amount of $242,613.09 for the audit period July 1, 2001 through June 30,

**DRAFT** - 2/9/06

2005 and interest at 9% per annum from March 1, 2006 thereafter on all amounts outstanding until fully paid.

3. UNITED STATES REBAR, INC. shall pay this stipulated indebtedness as identified in paragraph 2 to the Funds at least in the amounts as follows:

    a. $65,000.00 on March 1, 2006 which payment shall in part consist of $30,000.00 retainage owed to UNITED STATES REBAR, INC. from the Howland Hook project by Granite Construction. The Funds will cooperate in releasing any claim the Funds have on this Howland Hook money so that this sum from Howland Hook may be paid directly to the Funds.

    b. $10,000.00 on June 1, 2006.

    c. $10,000.00 on September 1, 2006

    d. $10,000.00 on December 1, 2006

    e. $10,000.00 on March 1, 2007

    f. $15,000.00 on June 1, 2007

    g. $15,000.00 on September 1, 2007

    h. $15,000.00 on December 1, 2007

    i. $15,000.00 on March 1, 2008

    j. $20,000.00 on June 1, 2008

    k. $20,000.00 on September 1, 2008

    l. $20,000.00 on December 1, 2008

    m. $20,000.00 on March 1, 2009

    n. Thereafter $20,000.00 on the 1st of each 3 succeeding month period until the sum of $242,613.09 plus interest at 9% per annum on the outstanding principal balance for the full periods involved as listed above is paid in full.

# DRAFT - 2/9/06

4.  All payments shall be by check made payable to "Local #46 Metallic Lathers Fund" and shall be sent by first-class mail to the Funds' offices located at 260 East 78th New York, New York 10021-2095, unless UNITED STATES REBAR, INC. shall have been notified by the Funds in writing of another address or addressee to which payments are to be sent.

5.  It is understood and agreed by the Funds and UNITED STATES REBAR, INC. and the signatory, Charles S. Doherty, on behalf of UNITED STATES REBAR, INC. that the settlement amounts herein represent payment of all amounts owed by UNITED STATES REBAR, INC. to the Funds for the period July 1, 2001 through June 30, 2005 under the terms of the Local #46 Metallic Lathers Union And Reinforcing Iron Workers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Scholarship Fund and Other Funds and applicable collective bargaining agreements. This settlement does not include any monies owed or which may be owed for any other periods. The parties agree that this settlement does not restrict the rights of any party with regard to subsequent legal action regarding monies owed for any other periods or contractors and is without prejudice regarding any such monies.

6.  In the event any payment under paragraphs 1, 2, 3 hereof is not made when due, the Funds or their authorized agent shall mail certified mail return receipt requested or deliver by personal service a notice of such default addressed to UNITED STATES REBAR, INC. at 332 N. Main Street, Freeport, NY 11520 and to Michael M. Rabinowitz, Esq. at Rabinowitz and Galina, Esqs., 94 Willis Avenue, Mineola, NY 11501, unless UNITED STATES REBAR, INC. shall have notified the Funds in writing of another address for the giving of such notice. Such default may be cured by making

4

**DRAFT** - 2/9/06

payment of the delinquent installment within fourteen business days of mailing of the Funds' notice of default.

7. In the event any default of UNITED STATES REBAR, INC. is not cured in accordance with the terms of paragraph 6. hereof, Funds' counsel shall have the right, at their sole option and discretion, to enter judgment against UNITED STATES REBAR, INC. and signatory Charles S. Doherty on behalf of UNITED STATES REBAR, INC. for the full total amounts remaining owing under this stipulation. UNITED STATES REBAR, INC. and Charles S. Doherty shall receive credit for the amounts paid, but a default shall render the full balance, which has not been paid, due and owing. Further, a default shall entitle the Funds or its constituents to proceed against UNITED STATES REBAR, INC. and Charles S. Doherty for any additional sums, damages which were suffered, entitlements or rights possessed or claimed beyond the $242,613.09 of this settlement that may be owing or claimed relating to UNITED STATES REBAR, INC. and this period July 1, 2001 to June 30, 2005 as regards UNITED STATES REBAR, INC. It is agreed that this agreement tolls any statute of limitations or like defense relating to any such claim or claims for the period from the signing of this agreement until the default and UNITED STATES REBAR, INC. and Charles Doherty agrees to be estopped from interposing the defense of statute of limitations or like defense premised on the time of this period.

8. Charles S. Doherty agrees to guarantee the payment of the amounts owed under this agreement pursuant to the terms of this agreement and, if the amounts owed under the terms of this agreement are not paid according to the terms of this agreement, Charles S. Doherty agrees to be bound by the provisions of this agreement and pay the amounts owed.

5

# DRAFT - 2/9/06

9. This Agreement shall be binding upon the Funds, UNITED STATES REBAR, INC. their assignees, executors, administrators, heirs and any successor corporation(s) and Charles S. Doherty his assignees, executors, administrators, heirs and any successor and shall not be changed unless signed by all below. This case shall be subject to reopening and the entry of judgment upon the event of default as herein provided.

| | |
|---|---|
| LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, SCHOLARSHIP FUND and OTHER FUNDS | LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS |
| By TONY D'AMICO<br>260 East 78th Street<br>New York, NY 10021-2095 | By ROBERT LEDWITH<br>1322 3rd Avenue<br>New York, New York 10021 |
| UNITED STATES REBAR, INC. | CHARLES S. DOHERTY |
| By CHARLES S. DOHERTY<br>332 N. Main Street<br>Freeport, NY 11520 | 332 N. Main Street<br>Freeport, NY 11520 |
| JOSEPH S. KAMING, ESQ.<br>KAMING & KAMING, ESQS.<br>Attorneys for Plaintiffs<br><br>156 East 65th Street<br>New York, NY 10021 | MICHAEL M. RABINOWITZ, ESQ.<br>RABINOWITZ and GALINA, ESQS.<br>Attorney for UNITED STATES REBAR, INC.<br>94 Willis Avenue<br>Mineola, NY 11501 |
| SO ORDERED:<br><br>HON. CAROL BAGLEY AMON | DATED: February     , 2006 |

6

**EXHIBIT C**

RABINOWITZ AND GALINA, ESQS.
94 Willis Avenue
Mineola, New York 11501
(516) 739-8222
(516) 739-8225 (FAX)

TO: Joe Kaming, Esq.

FROM: Michael M. Rabinowitz, Esq.

DATE: February 27, 2006

RE: Local 46 v. US Rebar
-----------------------------------------------------------------------------------

Dear Mr. Kaming:

    As usual, it was nice speaking with you this morning. I did speak this day with US Rebar. Provided that the Stipulation sets forth that so long as the payments hereinunder are current, the Funds will take no action against either U.S. Rebar and/or Charles Doherty, and upon completion of all payments in the Stipulation the Funds will provide a General Release to U.S. Rebar and Mr. Doherty, the Stipulation will be acceptable. Please forward a revised Stipulation along these terms to my offices for review and approval.

    If you have any questions, call me.

Very truly yours,

Michael M. Rabinowitz

MMR:rpk

```
*********************
***  TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                    4649
RECIPIENT ADDRESS           912129885479
DESTINATION ID
ST. TIME                    02/27 12:01
TIME USE                    00'15
PAGES SENT                  1
RESULT                      OK
```

RABINOWITZ AND GALINA, ESQS.
94 Willis Avenue
Mineola, New York 11501
(516) 739-8222
(516) 739-8225 (FAX)

TO: Joe Kaming, Esq.

FROM: Michael M. Rabinowitz, Esq.

DATE: February 27, 2006

RE: Local 46 v. US Rebar

---

Dear Mr. Kaming:

  As usual, it was nice speaking with you this morning. I did speak this day with US Rebar. Provided that the Stipulation sets forth that so long as the payments hereinunder are current, the Funds will take no action against either U.S. Rebar and/or Charles Doherty, and upon completion of all payments in the Stipulation the Funds will provide a General Release to U.S. Rebar and Mr. Doherty, the Stipulation will be acceptable. Please forward a revised Stipulation along these terms to my offices for review and approval.

  If you have any questions, call me.

Very truly yours,<br><br>Michael M. Rabinowitz

MMR:rpk

**DRAFT - 3/6/06**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS WELFARE TRUST,
ANNUITY FUND, PENSION FUND, APPRENTICESHIP
FUND, VACATION FUND, and SCHOLARSHIP FUND
and TONY D'AMICO in his fiduciary capacity         Civil Action No.
capacity as Director of the LOCAL # 46 METALLIC
LATHERS UNION AND REINFORCING IRON WORKERS         CV-05-2356 (CBA)
WELFARE TRUST, ANNUITY FUND, PENSION FUND,
APPRENTICESHIP FUND, VACATION FUND, and
SCHOLARSHIP FUND

And

ROBERT LEDWITH, as Business Manager of
the LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS and in his
fiduciary capacity as a Trustee of the
POLITICAL ACTION FUND and IRON WORKERS
POLITICAL EDUCATION FUND

                                    Plaintiffs
         -against-

UNITED STATES REBAR, INC.

                                    Defendant.

----------------------------------------X

### SETTLEMENT AGREEMENT
### UNITED STATES REBAR, INC. and CHARLES S. DOHERTY and LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, SCHOLARSHIP FUND AND OTHER FUNDS

   IT IS HEREBY AGREED by and between the undersigned parties to this agreement as follows:

   1.   UNITED STATES REBAR, INC. acknowledges the following indebtedness to the Local # 46 Metallic Lathers Union And Reinforcing Ironworkers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Scholarship Fund and Other Funds (referred to as "the Funds" )[These are all the funds

1