RABINOWITZ AND GALINA, ESQS.
94 Willis Avenue
Mineola, New York ll501
(516) 739-8222
(516) 739-8225 (FAX)

TO: Joseph Kaming

FROM: Michael M. Rabinowitz, Esq.

DATE: March 9, 2006

RE: Local 46 v. US Rebar
-----------------------------------------------------------------------------------------------------

Dear Mr. Kaming:

    We have reviewed the most recent draft of the Settlement Agreement as has our client. The following are our comments.

    1. 1A. Delete "on behalf of United States Rebar, Inc. " and "as relates to United States Rebar, Inc.". Mr. Doherty is signing as President of US Rebar so the language is redundant. Also, once the payments are made, it has been agreed that a Release will be provided to US Rebar and Mr. Doherty. Accordingly, no limitation on the release can be made.

    2. 1C. Change or to and on second line.

    3. Paragraph 5.Again, delete "on behalf of United States Rebar, Inc." The last sentence is also problematic. The settlement should cover all periods through June 30, 2005. The last sentence is not needed since the Release only covers through June 30, 2005 and only applies to US Rebar and Mr. Doherty.

    4.Paragraph 7. Delete "on behalf of United States Rebar, Inc.". Bold sentences. Change to though June 30, 2005. Also as to the tolling provision, add that so long as all payments hereinunder are made, no further action will be taken by the Funds against U.S. Rebar and/or Charles Doherty.

                                    Very truly yours,

                                    Michael M. Rabinowitz

MMR:rpk

---

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            4831
RECIPIENT ADDRESS   912129885479
DESTINATION ID
ST. TIME            03/09 15:35
TIME USE            00'17
PAGES SENT          1
RESULT              OK
```

RABINOWITZ AND GALINA, ESQS.
94 Willis Avenue
Mineola, New York 11501
(516) 739-8222
(516) 739-8225 (FAX)

TO: Joseph Kaming

FROM: Michael M. Rabinowitz, Esq.

DATE: March 9, 2006

RE: Local 46 v. US Rebar
---------------------------------------------------------------------------------------------

Dear Mr. Kaming:

We have reviewed the most recent draft of the Settlement Agreement as has our client. The following are our comments.

1. 1A. Delete "on behalf of United States Rebar, Inc. " and "as relates to United States Rebar, Inc.". Mr. Doherty is signing as President of US Rebar so the language is redundant. Also, once the payments are made, it has been agreed that a Release will be provided to US Rebar and Mr. Doherty. Accordingly, no limitation on the release can be made.

2. 1C. Change or to and on second line.

3. Paragraph 5.Again, delete "on behalf of United States Rebar, Inc." The last sentence is also problematic. The settlement should cover all periods through June 30, 2005. The last sentence is not needed since the Release only covers through June 30, 2005 and only applies to US Rebar and Mr. Doherty.

4.Paragraph 7. Delete "on behalf of United States Rebar, Inc.". Bold sentences.
Cl...... through June 30, 2005. Also as to the tolling provision, add that so long as all

# EXHIBIT E

KAMING & KAMING
ATTORNEYS AT LAW
156 East 65th Street
New York, NY 10021
(212) 535-0245


FACSIMILE TELEPHONE NUMBER – (212) 988-5479


FACSIMILE TRANSMITTAL


DATE:  3/10/06


TO:    Michael Rabinowitz, Esq.


FROM:   Joseph S. Kaming


NOTE:  THIS TRANSMISSION CONSISTS OF _____6_____ PAGE(S)
       INCLUDING THIS COVER SHEET.  PLEASE CALL IF YOU DO
       NOT RECEIVE ALL PAGES.


COMMENTS:

This is the revised agreement in response to your comments.

714
879-4863

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS WELFARE TRUST,
ANNUITY FUND, PENSION FUND, APPRENTICESHIP
FUND, VACATION FUND, and SCHOLARSHIP FUND
and TONY D'AMICO in his fiduciary capacity            Civil Action No.
capacity as Director of the LOCAL # 46 METALLIC
LATHERS UNION AND REINFORCING IRON WORKERS            CV-05-2356 (CBA)
WELFARE TRUST, ANNUITY FUND, PENSION FUND,
APPRENTICESHIP FUND, VACATION FUND, and
SCHOLARSHIP FUND

                    And

ROBERT LEDWITH, as Business Manager of
the LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS and in his
fiduciary capacity as a Trustee of the
POLITICAL ACTION FUND and IRON WORKERS
POLITICAL EDUCATION FUND

                              Plaintiffs
            -against-

UNITED STATES REBAR, INC.

                    Defendant.

———————————————————————X

## SETTLEMENT AGREEMENT
### UNITED STATES REBAR, INC. and CHARLES S. DOHERTY and LOCAL #46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, SCHOLARSHIP FUND AND OTHER FUNDS

**IT IS HEREBY AGREED** by and between the undersigned parties to this agreement as follows:

1.    UNITED STATES REBAR, INC. acknowledges the following indebtedness to the Local # 46 Metallic Lathers Union And Reinforcing Ironworkers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Scholarship Fund and Other Funds (referred to as "the Funds" )[These are all the funds

·1

for which payment is made pursuant to the collective bargaining agreement and which are referred to in captioned actions as LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, and SCHOLARSHIP FUND and TONY D'AMICO in his fiduciary capacity as Director of the LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS WELFARE TRUST, ANNUITY FUND, PENSION FUND, APPRENTICESHIP FUND, VACATION FUND, and SCHOLARSHIP FUND and OTHER FUNDS, ROBERT LEDWITH, as Business Manager of the LOCAL # 46 METALLIC LATHERS UNION AND REINFORCING IRON WORKERS and in his fiduciary capacity as a Trustee of the POLITICAL ACTION FUND and IRON WORKERS POLITICAL EDUCATION FUND] for the period July1, 2001 through June 30, 2005.

1A.    Upon satisfaction of the terms of this stipulation, UNITED STATES REBAR, INC. and signatory, Charles S. Doherty shall have fulfilled their obligations to the Funds for this period and shall be considered fully released as per the schedule in paragraph 3. If the terms of this agreement are not satisfied, the Funds shall have the right to enter judgment for the amounts remaining owing under this agreement against UNITED STATES REBAR, INC. and signatory, Charles S. Doherty, jointly or separately. It is stipulated that the caption hereunder is amended to name Charles S. Doherty as a party defendant with the same causes of actions against Charles S. Doherty personally as against United States Rebar, Inc.

1B.    Upon satisfaction of the terms, as provided herein, of this stipulation and the completion of all payments, the Funds shall provide United States Rebar, Inc. and Charles S. Doherty a general release in the form attached hereto. Likewise United States Rebar, Inc. and Charles S. Doherty shall provide to the Funds a general release in the form attached hereto.

1C.    So long as the payments as provided by the terms hereunder, are current, the Funds will take no action against United States Rebar, Inc. and Charles S. Doherty for any matters previous to June 30, 2005 and United States Rebar, Inc. will take no action against the Funds for any matters previous to June 30, 2005.

2.    UNITED STATES REBAR, INC. acknowledges indebtedness to the Funds for the amount of $242,613.09 for the audit period July 1, 2001 through June 30, 2005 and interest at 9% per annum from March 1, 2006 thereafter on all amounts outstanding until fully paid.

3.    UNITED STATES REBAR, INC. shall pay this stipulated indebtedness as identified in paragraph 2 to the funds and UNITED STATES REBAR, INC. and signatory Charles S. Doherty shall be released from all obligations to the funds as per the

payment and release schedule as follows:

PAYMENTS

| # | Date | amt. | Principal | Interest |
|---|------|------|-----------|----------|
| 1. | 3/01/06 | $65,000.00 | $65,000.00 | $0.00 |
| 2. | 6/01/06 | $10,000.00 | $6,003.71 | $3,996.29 |
| 3. | 9/01/06 | $10,000.00 | $6,138.79 | $3,861.21 |
| 4. | 12/01/06 | $10,000.00 | $6,276.91 | $3,723.09 |
| 5. | 3/01/07 | $10,000.00 | $6,418.14 | $3,581.86 |
| 6. | 6/01/07 | $15,000.00 | $11,562.55 | $3,437.45 |
| 7. | 9/01/07 | $15,000.00 | $11,822.71 | $3,177.29 |
| 8. | 12/01/07 | $15,000.00 | $12,088.72 | $2,911.28 |
| 9. | 3/01/08 | $15,000.00 | $12,360.71 | $2,639.29 |
| 10. | 6/01/08 | $20,000.00 | $17,638.83 | $2,361.17 |
| 11. | 9/01/08 | $20,000.00 | $18,035.70 | $1,964.30 |
| 12. | 12/01/08 | $20,000.00 | $18,441.51 | $1,558.49 |
| 13. | 3/01/09 | $20,000.00 | $18,856.44 | $1,143.56 |
| 14. | 6/01/09 | $20,000.00 | $19,280.71 | $719.29 |
| 15. | 9/01/09 | $12,973.00 | $12,687.66 | $285.47 |
| Total | | $277,973.13 | $242,613.09 | $35,360.04 |

4.    All payments to the Funds shall be made payable to "Local # 46 Metallic Lathers Fund" and shall be sent by first class mail to the Funds' offices located at 260 East 78th Street New York, New York 10021-2095, unless UNITED STATES REBAR, INC. shall have been notified by the Funds in writing of another address or addressee to which payments are to be sent.

5.    It is understood and agreed by the Funds and UNITED STATES REBAR, INC. and the signatory, Charles S. Doherty that the settlement amounts herein represent payments of all amounts owed by UNITED STATES REBAR, INC. to the Funds for the period July1, 2001 through June 30, 2005 under the terms of the Local #46 Metallic Lathers Union And Reinforcing Iron Workers Welfare Trust, Annuity Fund, Pension Fund, Apprentice Fund, Vacation Fund, Scholarship Fund and all Other Funds and applicable collective bargaining agreements.

6.    In the event any payment under paragraphs 1, 2, 3 hereof is not made when due, the Funds or their authorized agent shall mail certified mail return receipt requested or deliver by personal service a notice of such default addressed to UNITED STATES REBAR, INC. at 332 North Main Street, Freeport, NY 11520 and to Michael M. Rabinowitz, Esq. At Rabinowitz and Galina, Esqs., 94 Willis Avenue, Mineola, NY 11501, Unless UNITES STATES REBAR, INC. shall have notified the Funds in writing of another address for the giving of such notice. Such default may be cured by making payment of the delinquent installment within fourteen business days of mailing of the Funds' notice of default.

7.    In the event any default of UNITES STATES REBAR, INC. is not cured in accordance with the terms of paragraph 6 hereof, Funds' counsel shall have the right at their sole option and discretion, to enter judgment against UNITES STATES REBAR, INC. and signatory, Charles S. Doherty for the full total remaining amount owing under this stipulation. UNITES STATES REBAR, INC. and Charles S. Doherty shall receive credit for the amounts paid per the schedule in paragraph 3 hereof, but a default shall

3

render the unpaid balance, plus any applicable legal fees and costs, due and owing. Further, a default shall entitle the Funds or its constituents to proceed against UNITED STATES REBAR, INC. and Charles S. Doherty for any additional sums, damages which were suffered, entitlements or rights possessed or claimed beyond the $242,613.09 of this settlement that may be owing or claimed relating to UNITED STATES REBAR, INC. and this period July 1, 2001 through June 30, 2005 as regards UNITED STATES REBAR, INC. It is agreed that this agreement tolls any statute of limitations or like defense relating to any such claim or claims for the period from the signing of this agreement until the default and UNITED STATES REBAR, INC. and Charles Doherty agrees to be estopped from interposing the defense of statute of limitations or like defense premised on the time of this period; however, this tolling is subject to the restrictions of 1B. and 1C.

8.     Charles S. Doherty agrees to guarantee the payment of the amounts owed under this agreement pursuant to the terms of this agreement and, if the amounts owed under the terms of this agreement are not paid according to the terms of this agreement, Charles S. Doherty agrees to be bound by the provisions of this agreement and pay the amounts owed.

9.     This agreement shall be binding upon the Funds, UNITED STATES REBAR, INC. their assignees, executors, administrators, heirs and any successor and Charles S. Doherty, his assignees, executors, administrators, heirs and any successor and

4

shall not be changed unless signed by all below.

LOCAL # 46 METALLIC LATHERS
UNION AND REINFORCING IRON
WORKERS WELFARE TRUST,
ANNUITY FUND, PENSION FUND,
APPRENTICESHIP FUND, VACATION
FUND, and SCHOLARSHIP FUND and
OTHER FUNDS

LOCAL #46 METALLIC LATHERS
UNION AND REINFORCING
IRON WORKERS

_____
By Tony D'Amico
260 East 78th Street
New York, New York 10021

_____
By ROBERT LEDWITH
1322 3rd Avenue
NY, NY 10021

UNITED STATES REBAR, INC.

_____
By CHARLES S. DOHERTY
332 North Main St.
Freeport, NY 11520

_____
CHARLES S. DOHERTY
332 North Main St.
Freeport, NY 11520

_____
JOSEPH S. KAMING, ESQ.
KAMING & KAMING ESQS.
Attorneys for Plaintiffs
156 East 65th Street
New York, NY 10021

_____
MICHAEL M. RABINOWITZ, ESQ.
RABINOWITZ AND GALINA ESQS.
Attorney for United States Rebar, Inc.
94 Willis Avenue
Mineola, NY 11501

SO ORDERED:

_____
HON. CAROL BAGLEY AMON

Dated: New York, New York
          March 10, 2006

5